· ERNEST D. GONZALEZ V. STATE.

No. 30,574. March 25, 1959.
Motion for Rehearing Overruled April 29, 1959.

*William Lawrence Scarborough,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the unlawful possession of marijuana; the punishment, twenty-five years.

The testimony of two police officers shows that they went to the house where appellant lived to execute a search warrant, knocked on the door, and when appellant appeared they told him they had a search warrant for the house, gave him a copy, and he said, "* * * come on in and search." In a large flour can in the kitchen they found two jars, each containing a substance which was marijuana as testified to by a chemist called by the state and appellant's brother called by the appellant. It was

further shown that the two jars contained a total of 573 grams of marijuana.

Officer Young testified, in answer to questions by appellant's counsel, that appellant told him that he lived in the house, that the marijuana belonged to him and that he had bought it in Mexico about six months before.

Jesse Gonzalez, appellant's brother, testifying for the appellant, identified the two jars and stated that they contained marijuana and belonged to him. He further testified that the two jars were a portion of the marijuana he possessed at the time the officers found marijuana in his possession and for which he is now serving a twenty-five year sentence, but that the officers had failed to find the two jars at that time. He also stated that the appellant did not use or sell marijuana and had no knowledge of the two jars in the flour can.

Appellant testifying in his own behalf, admitted that he was occupying a room which he rented in the house, that he saw the officers remove the two jars from the can, but denied any knowledge of the marijuana which was found therein. He further testified that he and his brother, Jesse, lived together in a rented room in a house of the landlord at another address, and after his brother left, the landlord moved to the house here in question and that he also rented a room from her at that place.

Appellant contends that the indictment is insufficient to charge an offense. It alleges that the appellant "did then and there unlawfully possess a narcotic drug, to wit, marijuana, * * *." Such an allegation is sufficient to charge an offense under the statute. Willson's Criminal Forms, 6th Ed., Ch. 39, Sec. 941, p. 221; 3 Branch's Ann. P.C. 2d 335, Sec. 1423.2; Fawcett v. State, 137 Texas Cr. Rep. 14, 127 S.W. 2d 905; Fletcher v. State, 162 Texas Cr. Rep. 103, 282 S.W. 2d 230.

It is insisted that the evidence is insufficient to support a conviction because marijuana is not a narcotic drug as alleged in the indictment.

Marijuana is a narcotic drug. Art. 725b, Secs. 13 and 14, Vernon's Ann. P.C.; Fletcher v. State, supra; Gonzales v. State, 163 Texas Cr. Rep. 432, 293 S.W. 2d 786.

The evidence is sufficien  to warrant the jury's conclusion

that the appellant possessed marijuana as charged hence the evidence is sufficient to support the conviction.

Appellant complains of the refusal of the court to instruct the jury to disregard his testimony given on cross-examination that he had been convicted of a felony in 1938 and given a suspended sentence over his objection that it was not germane to the case.

A prior conviction with sentence suspended is not inadmissible under Art. 732a, Vernon's Ann. C.C.P.

In the absence of an objection that the 1938 conviction was too remote no error is shown. 1 Branch's Ann. P.C. 213, Sec. 192; Sue v. State, 52 Texas Cr. Rep. 122, 105 S.W. 804; Hunter v. State, 59 Texas Cr. Rep. 439, 129 S.W. 125.

The judgment is affirmed.

Opinion approved by the Court.