JOHN FLETCHER MUENCH V. STATE

No. 32,591. November 30, 1960

Motion for Rehearing Overruled January 18, 1961

*Ragan* and *Weaver*, by *Billy H. Ragan*, Houston 16, for appellant.

*Dan Walton*, District Attorney, *Samuel H. Robertson, Jr.*, *Erwin G. Ernst*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the lascivious fondling of a minor; the punishment, 2 years.

Mrs. Monds testified that she and Mrs. Stallings drove their children to a shopping center in Houston and took one of the children in to buy a pair of shoes, that they were away from her automobile approximately ten minutes and when they returned she saw appellant standing beside her automobile with his head and arms inside, that he reluctantly released the door and she drove away. She stated that while she was still in second gear and within a minute or two after starting up her automobile one

of the little boys said, "Let's get away from here. That man plays nasty," and that immediately thereafter all the girls began to speak in unison, saying, "He put his hands down in her panties." She testified that she immediately turned her automobile around, called the police, and pointed out appellant to them when they arrived.

The eight-year-old girl named in the indictment testified that she was seated under the steering wheel and two other little girls were on the front seat with her when appellant approached the automobile during her mother's absence, that he put his head and arms into the window, put his hands in their panties "where we pea" after having given one of them some candy. She testified that she reported the same to her mother upon her return.

Mrs. Stallings corroborated Mrs. Monds' testimony.

Appellant's confession was admitted in evidence, and it recites, in part, "The oldest girl happened to be sitting on the driver's side of the front seat. I offered her a nickel if she would let me pat her legs"; "while patting her on the leg I pressed my hand against her pussy on the outside of her panties. I did not put my hand inside her panties as they were very tight."

Appellant did not testify or offer any evidence in his own behalf.

Reliance is had upon Oldham v. State, 167 Tex. Cr. Rep. 644, 322 S. W. 2d 616, in support of appellant's contention that the outcry of the girls was not admissible. The cases are easily distinguishable. In Oldham, the assaulted child did not testify; in the case at bar, she did. In Oldham, the outcry came some three or four hours after the child had left the company of his alleged assaulter; in the case at bar, the report was made in "not more than two minutes."

Appellant overlooks the holdings of this Court in Walker v. State, 162 Tex. Cr. Rep. 408, 286 S.W. 2d 144, and Heflin v. State, 161 Tex. Cr. Rep. 41, 274 S. W. 2d 681, and the cases therein cited, that a res gestae statement is admissible even though the person who made it is incompetent as a witness.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.