**Wilson Carroll BREM, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41508.

Court of Criminal Appeals of Texas.

Oct. 30, 1968.

Fowler & Donk, by George Fowler, Odessa, for appellant.

Jack Tidwell, Dist. Atty., Odessa, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is fraudulently receiving and concealing stolen property of the value of more than $50.00.

Trial was before a jury on a plea of not guilty. The jury having found appellant guilty, and he not having elected to have the jury assess the punishment, the trial judge heard the evidence offered on the issue and assessed the punishment at three years.

Two grounds of error are presented.

The first relates to the cross-examination of appellant at the trial before the jury on October 23, 1967, which elicited from the defendant testimony showing that he was convicted in Jeff Davis County in 1956 and sentenced to a two year term in the penitentiary for the offense of felony theft.

The contention raised is that the conviction was too remote for admission into evidence for impeachment purposes because it was ten years old.

The state's brief points out that there was no objection to the admission of such evidence on the ground of remoteness.

In the absence of an objection that the 1956 conviction was too remote to be used for impeachment purposes, no reversible error is shown. Gonzalez v. State, 168 Tex. Cr.R. 49, 323 S.W.2d 55.

■ The remaining ground of error complains that the trial court erred in instructing the jury in the absence of the defendant and his counsel.

The contention was raised in appellant's amended motion for new trial but is not supported by bill of exception or otherwise in the record on appeal.

In his order entered after considering the appellate briefs, the trial court found that the jury was given certain instructions which, contrary to the allegation of the motion for new trial, were recorded by the court reporter; that at all times during the trial the defendant was on bond; that if the defendant was absent at any time when the jury was instructed, such absence was by his own volition and that at no time prior to the filing of his amended motion for new trial was the court's attention called to the fact that the defendant was claiming that the jury had been instructed in his absence.

Art. 33.03 Vernon's Ann.C.C.P. provides in part: "* * * in all cases, when the defendant voluntarily absents himself after pleading to the indictment * * * the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial."

There is nothing in the record to show any injury to appellant by reason of any instruction given by the trial court to the jury, if in fact such instruction was given in his absence.

The judgment is affirmed.