James Charles PATTERSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 42784.

Court of Criminal Appeals of Texas.

Sept. 23, 1970.

Second Rehearing Denied Oct. 28, 1970.

Malcolm R. Sanders, Joe B. Goodwin, Beaumont (On Appeal Only), for appellant.

W. C. Lindsey, Dist. Atty., Lawrence J. Gist, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Judge.

Our opinion on original submission affirming the conviction is hereby withdrawn and the following is substituted in lieu thereof.

The offense is indecent fondling; the punishment, assessed by the court after a verdict of guilty, 10 years in the Texas Department of Corrections.

The 7-year-old prosecutrix testified that while she was riding a borrowed boy's bicycle on July 18, 1968, in the city of Nederland, the appellant stopped his automobile alongside her bicycle and asked the location of Lamar Street; that he reached out the car window and grabbed the handle bars of the bicycle and asked if she would like to make some money; that when she said "no" the appellant touched her on her vagina and asked if it tickled and she answered "yes."

Lynn Paul Stansbury who lived nearby and was mowing his lawn at the time was an eye witness to the event. He testified he had observed the appellant drive slowly up the street a few minutes before and again pass by just before the incident. He related he stood on his riding lawn mower and observed the appellant run his hand down the bicycle seat and come up between the prosecutrix's legs at which time the prosecutrix jumped off the bicycle and the appellant drove off at a high rate of speed. Stansbury gave chase in his automobile and obtained the license number of appellant's automobile.

Stansbury then returned to the area where he found the prosecutrix riding the bicycle and asked her, "Little girl, did that man do something to you he wasn't supposed to?" When the prosecutrix seemed puzzled, he asked "Did that man touch you where he wasn't supposed to?" The prosecutrix then gestured between her legs and said, "He touched me right here." Stansbury then told the prosecutrix to go home, he followed and told her father what he had seen.

The prosecutrix's father testified that after a conversation with Stansbury he asked his daughter what had happened and was allowed to testify what she said. His version of her statement at the time was identical to the prosecutrix's testimony on the stand.

Testifying in his own behalf, the 41-year-old appellant related that after a few beers he had attempted to locate the house of a friend; that after he had circled the block in question he stopped to ask the prosecutrix the location of a street and had grabbed the bicycle to prevent the prosecutrix from falling. He denied that he had asked the little girl if she wanted to make money, or touched her or inquired if it tickled her.

In oral argument before this Court appellant's counsel admitted that grounds of error #1, #2 and #4 are without merit and we agree.

In grounds of error #3 and #6 the appellant complains of the admission, over objection, of the statements of the prosecutrix to Stansbury in response to his questions and her later statement to her father.

The appellant contends that such statements were hearsay and not admissible as res gestae.

The State made little or no effort to lay a proper predicate for the admission of such statements as res gestae. No effort was made to show that spontaneity existed and the evidence is meager as to the time factor.[1] After the incident the prosecutrix continued to ride her bicycle, and her statements to Stansbury were in response to his questions. There was no showing that she was crying, distressed or emotionally upset. She went home at Stansbury's suggestion. Her father related she was not "upset" when she told him what happened.

The appellant attempts to distinguish the cases relied upon by the State, Hudgeons v. State, Tex.Cr.App., 384 S.W.2d 720; Jundt v. State, 164 Tex.Cr.R. 437, 300 S.W.2d 73; Haley v. State, 157 Tex.Cr.R. 150, 247 S.W.2d 400; Muench v. State, 170 Tex.Cr.R. 437, 341 S.W.2d 653; and Zilka v. State, Tex.Cr.App., 385 S.W.2d 680, by showing that in each case there was some evidence indicating either unusual or uncharacteristic behavior on behalf of the victim or emotional strain coupled with a voluntary outcry.

■ In determining whether certain statements are admissible as res gestae each case must be considered on its own merits. While this Court has liberally construed the rules of admissibility of res gestae statements by victims of sex offenses when of tender age, it would not appear the statements in question were properly admitted.

■ Reversible error is not, however, presented when the entire record is considered.[2]

The complained of statements were not essential to the State's case.

The prosecutrix gave the same testimony on direct examination that was later attributed to her via the hearsay statements to her father and the witness Stansbury. Her version of the alleged offense was corroborated by the eye witness Stansbury. The appellant admitted being in the area and having his hands on the handle bars of the bicycle. While the hearsay statements may have had a tendency to bolster the testimony of the prosecutrix and Stansbury as claimed, we cannot conclude in the light of the record before us, including the appellant's testimony, that he was prejudiced thereby *on the issue of guilt* as to call for reversal. The penalty was assessed by the court at the penalty stage of the bifurcated trial. See Article 37.07, Vernon's Ann.C.C.P.

---

1. We do note that long after the admission of the statements in question it was established on cross-examination of Mrs. Stansbury, a defense witness, that her husband was only gone from the area five or ten minutes.

2. On original submission this Court noted that on cross-examination before the jury of Stansbury and the prosecutrix's father, the appellant went into the same conversations complained of and elicited the same facts and enlarged on the surrounding circumstances and cited Ervin v. State, Tex.Cr.App., 367 S.W.2d 680.

   There would appear to be a conflict in cases as to whether an accused may complain of admission of testimony where his own counsel adduces the same testimony upon cross-examination. Cf. Ervin v. State, Tex.Cr.App., 367 S.W.2 680, with Willoughby v. State, 87 Tex.Cr.R. 40, 219

S.W. 468, where this Court said, "We know of no decision of this Court nor rule of criminal law which compels an accused when evidence has been admitted over his objection to refrain from the right of cross-examination as to such evidence, or else be penalized by the loss of his objection and bills of exceptions."

The Willoughby case seems to represent the correct rule except in cases where the cross-examination extends so far beyond the scope of the direct examination so that it can be said the cross examiner has legitimately made the witness his own witness. Wharton's Criminal Procedure, Vol. 5, Sec. 2044, p. 189; Texas Law of Evidence, McCormick and Ray, Vol. I, Sec. 27, p. 26; Louette v. State, 152 Fla. 495, 12 So.2d 168; Beachem v. State, 144 Tex.Cr.R. 272, 162 S.W.2d 706. Cf. 5 Tex.Jur.2d, Appeal and Error—Criminal, Sec. 443, pp. 690, 695.

■ In ground of error #5 appellant contends the court erred in permitting the State to introduce a written statement taken from the witness Stansbury shortly after the alleged offense.

On cross-examination the appellant obtained the statement from the prosecutor and proceeded to use it for cross-examination and possible impeachment. The witness was questioned about possible inconsistencies between his testimony and the statement concerning his exact position when he observed the alleged offense and the intersection at which he obtained appellant's automobile license number. During such examination the appellant also attempted to show that Stansbury had implanted the idea in the prosecutrix's mind that she had been fondled; that the statement reflected he had identified the appellant in a police lineup which he had not revealed on direct examination. And the statement was used to show that the witness was mistaken as to when and from whom he first learned the appellant's name. The witness was even asked if his wife had told him what she had seen and then the appellant sought to impeach his answer by use of the wife's statement.

In 1 Branch's Ann.P.C., 2nd ed., Sec. 203, p. 225, it is written:

"Where a State's witness is attempted to be impeached by showing that he has made statements with reference to the transaction out of court different from and contradictory to his testimony delivered on the present trial, it is not error to permit the State to support the witness by showing that shortly after the transaction, and before any motive or inducement existed to fabricate, he made statements of the matter similar to his testimony delivered on the trial."

We cannot agree that the court erred in admitting the statement.

The court should have given a limiting charge as to such statement which was not done, but there was no special requested charge or objection to the charge given. See Articles 36.14 and 36.15, V.A.C.C.P.

Ground of error #5 is overruled.

■ Grounds of error #7 through #17 concern the State's jury argument. We have carefully reviewed the argument and find that most of the complained of statements were reasonable deductions from the evidence or clearly invited arguments and a plea for law enforcement. A detailed discussion of each ground of error will only serve to elongate this opinion and will be of no benefit to the jurisprudence of this state. We do observe that in ground of error #15 complaint is made of the prosecutor's efforts, over objections, to define "reasonable doubt" in his argument. The court instructed the jury to be "guided by the court's charge." While the court's charge did not define "reasonable doubt," there was no request by the appellant, if he disagreed with the prosecutor's version, to the court to define the phrase in additional instructions or to instruct the jury the phrase was to be given its ordinary and usual meaning. The "[e]rror in argument does not lie in going beyond the court's charge, but lies in stating law contrary to the same." Daywood v. State, 157 Tex. Cr.R. 266, 248 S.W.2d 479. The prosecutor's argument was not contrary to the charge. We find no merit in the contention.

■ Concerning ground of error #16, the prosecutor during argument stated, after objection, " * * * I didn't interrupt you when you were arguing." Thereafter the court reporter noted she was unable to record the court and the attorneys as they were all talking at the same time. Thereafter the court did instruct counsel in the jury's presence to make any objections they desired. No error is presented.

Finding no reversible error, the judgment is affirmed.

WOODLEY, P. J., and DOUGLAS, J., concur in the result.