Jessie Walter HORN, Appellant,

v.

The STATE of Texas, Appellee.

No. 45962.

Court of Criminal Appeals of Texas.

March 7, 1973.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., Jerome L. Croston, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appellant was convicted for knowingly, intentionally and with lascivious intent exposing his private parts to a female person under sixteen years of age; the punishment five years imprisonment.

The sufficiency of the evidence is not challenged.

The appellant's first two grounds of error complain that the admission into evidence of a prior conviction for another offense of the same nature was error because "a proper predicate had not been laid connecting that offense to appellant," and because it was too remote.

At the guilt-innocence stage of the trial, under cross-examination, the appellant was asked without objection and admitted he was the same person who had been convicted in Cause No. 3038 in Criminal District Court of Dallas County on the first day of August, 1956, for the offense of "indecent exposure" and received a one year jail sentence. Later an objection was made that the conviction was too remote and that a proper predicate had not been laid, when the State offered a certified copy of a judgment and sentence showing that Jessie Walter Horne had been convicted on the first day of August, 1956, in Cause No. 3038–H in Criminal District Court No. —— of Dallas County, for the offense of knowingly and intentionally, and with lascivious intent exposing his private parts to a female child under the age of sixteen years and was sentenced to one year imprisonment in the county jail.

The appellant's acknowledgment of the conviction and his admission of the salient details which coincide with the judgment and sentence introduced into evidence was sufficient predicate for the admission of the judgment and sentence over the objection that it had not been shown he was the person convicted of the prior offense. The difference in the spelling of the name Horn is not significant, as the names Horne and Horn are idem sonans. See Schnellbacher v. State, 384 S.W.2d 137 (Tex.Cr.App.1964).

There was no objection that the prior conviction was too remote when the appellant was questioned about and admitted to the prior conviction earlier in the trial. It became a part of the evidence at that time.[1] See Brem v. State, 432 S.W.2d 916 (Tex.Cr.App.1968); Gonzalez v. State, 168 Tex.Cr.R. 49, 323 S.W.2d 55 (1959) and Watson v. State, 162 Tex.Cr.R. 156,

---

1. The appellant also admitted under cross-examination, without any objection being made, that he had been convicted in the Dallas Municipal Courts for the offense of "indecent exposure" in 1963, 1967 and 1969, and had been convicted for the offense of misdemeanor theft in 1959. Thereafter, the state voluntarily withdrew the evidence of the convictions in Municipal Court. The reason for the voluntary withdrawal of this evidence was not fully developed and it cannot be determined whether the court may have been authorized to consider this evidence to show that the appellant had not reformed nor been rehabilitated. The former convictions in question may well have been admissible for purposes of impeachment over a proper and timely objection. e. g., Bustillos v. State, 464 S.W.2d 118 (Tex. Cr.App.1971); Penix v. State, 488 S.W. 2d 86 (Tex.Cr.App.1972).

282 S.W.2d 715 (Tex.Cr.App.1955). His later objection was not timely.

■ The appellant complains of the prosecutor's closing argument in three separate grounds of error. The first complaint concerns the argument: "You know, when officer Bordelon said he was arresting him, he went up there and the man asked him what he was arresting him for and he said 'indecent exposure.' Did he ever tell officer Bordelon that he was urinating there? What would be the best-time for somebody to tell a man, right when it happens, or some six or seven months later when he is at his trial before the trial jurors?" The appellant objected to such argument on the grounds that "it would be a comment on the defendant's failure to testify, if, at the time in fact he did not say anything about it."

The appellant had voluntarily testified in his own behalf that he had been taking some medicine which caused him to urinate frequently and that he had not intentionally exposed himself, but that he had been urinating in an empty milk carton while he was in the phone booth. Officer Bordelon had arrested the appellant while he was still in the same telephone booth where the little girl had seen him. The officer, without objection, testified that the appellant had not told him at the time of the arrest that he had been urinating in the phone booth.

We do not construe the prosecutor's argument to be that the appellant was guilty because he was silent or failed to make a denial when the officer told him that he was accused of indecent exposure. See Hawk v. State, 482 S.W.2d 183 (Tex.Cr. App.1972). We construe the prosecutor's argument to be that the appellant's testimony was of recent fabrication, and in the context made, we perceive no error.

■ The next ground of error complains that the prosecutor's argument concerning an extraneous offense, which had been admitted into evidence, suggested to the jurors that they could consider that evidence generally rather than for the limited purpose of showing a lascivious intent, as they had been instructed by the court's charge.

The prosecutor argued: "I think the State is permitted, in a case like this, to bring extraneous offenses in and this is about the little girl, V——— A———. And I'm glad we could bring this to you because it really gives this jury an idea of what type of man sits over here. Do you think she knows the difference between a man urinating and a man shaking himself at her?"

After the appellant's objection and the ruling of the court, the prosecutor stated: "The Judge has instructed you you can use this offense against V——— A——— only to show his lascivious intent, his lascivious intent. In other words, was he out there just urinating, or was he out there exposing himself to a girl under the age of sixteen? I think it's reasonable, he was standing in the front door of this old house, she said he wasn't urinating. If he's got such a bad kidney problem, why didn't he just turn around and urinate inside. It's ridiculous."

This ground of error is without merit.

■ In the other instance, the prosecutor argued "and there's one thing in a case like this that really points to the truthfulness of these little girls, and that is the fact that on each instance after this thing happened, what we call in legal terms 'the first outcry,' both of these little girls went immediately and told someone, they didn't wait a week or a month, immediately the first person they saw, they told—" The appellant's objection was that "I object to the argument, he goes to both of these little girls and we are trying one case and that is a girl named P—— P—— and this other case I object to him in argument associating these two cases together."

The complaining witness in the indictment was P—— P———. After the appel-

lant had testified that the act was not intentionally done, and that he was in fact urinating in the phone booth, the State offered in rebuttal the testimony of another girl that the appellant had committed the same act before her on a separate occasion.

Consideration of the extraneous offense was limited by a jury instruction. In view of the facts of the case, the jury instruction and the context of the argument, we find no error.

The appellant's remaining ground of error urging that the word "intent" in the court's charge was not qualified by the word "lascivious" is without merit, as the term "lascivious" was defined elsewhere in the charge. The refusal to grant the requested charge was not error. Webster v. State, 455 S.W.2d 264 (Tex.Cr.App.1970) and Owens v. State, 450 S.W.2d 324 (Tex. Cr.App.1969).

The judgment is affirmed.

Opinion approved by the Court.