Johnny YAW, Appellant,

v.

The STATE of Texas, State.

No. 2–81–059–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 17, 1982.

Rehearing Denied May 26, 1982.

Minor & Jester and Tom D. Jester, Jr., Denton, for appellant.

Jerry Cobb, Dist. Atty., and Freddie Dean Marsh, Asst. Dist. Atty., Denton, for the State.

Before HUGHES, RICHARD L. BROWN and JORDAN, JJ.

OPINION

JORDAN, Justice.

Appellant was found guilty by a jury of Indecency With a Child in violation of V.T.C.A.Penal Code sec. 21.11, and at the punishment phase of his trial the jury found that paragraph two of the indictment charging appellant with a prior offense of Indecency With a Child was true. The jury assessed punishment at twenty years confinement in the Texas Department of Corrections and a $10,000.00 fine.

Appellant was charged with touching the genitals of a female child, Kristi Lynn Maples, nine years old at the time in question, on July 11, 1978, in Denton County, Texas. The incident is alleged to have occurred while the appellant, Kristi and her sixteen year old sister, Vickie Renee Maples were

on their way to go swimming. Appellant is alleged to have placed his hand up under Kristi's bathing suit, fondling or touching her genitals.

The appeal is on five grounds of error. The judgment is reversed and remanded.

Appellant first complains of the trial court's refusal to grant him permission to take the oral depositions of Jim and Barbara Ramsey, step-father and mother of Kristi Lynn Maples, of Tammy Ramsey, step-sister of Kristi, of Vickie Renee Maples, sister of Kristi, and finally of Kristi herself.

■ A trial court is authorized under V.A.C.C.P. art. 39.02 to permit a defendant to take oral depositions upon a showing of good reason therefor. The determination of whether good reason exists for such depositions shall be based on the facts made known to the court at a hearing for that purpose and the court, in its judgment, shall grant or deny the application on such facts. Accordingly, the trial court has wide discretion in either granting or denying an application for depositions. *Aguilar v. State*, 468 S.W.2d 75, (Tex.Cr.App.—1971); *Beard v. State*, 481 S.W.2d 875 (Tex.Cr.App.—1972); *James v. State*, 546 S.W.2d 306 (Tex. Cr.App.—1977).

■ The only reason appellant gave for wanting the depositions of these people is that they were all relatives of Kristi Lynn, and in the case of both Kristi Lynn and Vickie Renee Maples, that they were present when the offense is alleged to have occurred. The trial court apparently found that this reason was insufficient. It should be added that all of these people, with the exception of Kristi's step-father, Jim Ramsey, testified at the trial.

There is no showing that the appellant was injured by the refusal of the trial court to permit him to take these depositions. The first ground of error is overruled.

By his next three grounds of error appellant contends that there is no evidence that appellant knowingly and intentionally engaged in sexual contact with Kristi Lynn Maples, that there is no evidence that he touched the genitals of Kristi Lynn Maples, and that there is no evidence whatever that appellant touched Kristi Lynn Maples with the intent of arousing and gratifying a sexual desire of appellant.

■ Although young Kristi Lynn Maples was naturally shy and somewhat hesitant in her trial testimony, she unequivocally testified that appellant did put his hand up under her bathing suit and did touch her vagina or "genital area". She was ten years old at the time of trial and was naturally slightly reticent to discuss a most embarassing incident. On direct examination she stated: "Well, he was piggy-backing me and he stuck his fingers under my bathing suit." She then in response to a question, said: "He stuck his fingers up my bathing suit." When asked where appellant touched her, Kristi responded: "Down there", and then indicated that it was her genital area, or her vagina, which had been touched by appellant.

Certainly, this evidence will support the jury's verdict of guilty of Indecency With a Child. The evidence was clear and direct and although it came from a ten year old child, her capacity or credibility as a witness has not been attacked or even questioned. This evidence is sufficient. *Whatley v. State*, 488 S.W.2d 422 (Tex.Cr.App.—1972); *Clark v. State*, 558 S.W.2d 887 (Tex.Cr.App.—1977). In the last cited case it was said that the fact that the witness is a young child has some bearing on the inferences that may be made by the jury.

With respect to appellant's contention that the evidence is insufficient to show that the touching was "with the intent to arouse and gratify the sexual desires of appellant", we think the evidence, recounted above, demonstrates the intent of appellant. We think that the combined circumstances of the touching here are capable of raising an inference of sexual desire and intent on the part of appellant. *Allen v. State*, 478 S.W.2d 946 (Tex.Cr.App.—1972); *Horn v. State*, 491 S.W.2d 170 (Tex.Cr.App.—1973); *Bowles v. State*, 550 S.W.2d 84 (Tex.Cr.App.—1977).

■ Appellant's fifth ground of error complains of the trial court admitting, over

proper objection, testimony of Tammy Ramsey, step-sister of Kristi Lynn Maples, and of Barbara Ramsey, mother of Kristi Lynn, about the events of July 11. This testimony was objected to as hearsay but was admitted by the court. The testimony of Tammy Ramsey and Barbara Ramsey related the events as told to them by Kristi Lynn on July 12, 1978, a full day after the occurrence. Vicki Renee Maples' testimony related to the jury what Tammy, who got the story from Kristi, had told her about the events of July 11. This testimony was admitted without objection.

There is no question that the testimony of Tammy and Barbara Ramsey was hearsay and should not have been admitted by the trial court. Since their testimony related what had been told them by Kristi the day after the occurrence, at a time when Kristi was not emotional or upset, and in response to inquiries put to Kristi, it was hearsay and did not come within the *res gestae* exception to the hearsay rule. These were not spontaneous outbursts of the young girl made immediately or shortly after the incident. As to Vicki Renee Maples' testimony, which related to the jury what Tammy Ramsey had told her that Kristi Lynn had told her, that, too, was obviously hearsay and should not have been admitted. Even though there was no objection, this testimony does not constitute probative evidence which will support the conviction.

Having held that this testimony was improperly admitted as hearsay we must next decide whether it was prejudicial to the appellant and probably caused an unfair trial. We have concluded that the admission of this hearsay testimony from three witnesses, all members of the complaining witness' family, was reversible error. Kristi Lynn Maples was the only witness who testified that appellant did commit the offense with which he was charged, and her testimony, understandably enough, was somewhat reluctantly given. There was no other direct testimony as to what occurred on the way to the swimming pool on July 11, 1978.

While we think, as we have stated, that Kristi Lynn's testimony was sufficient to show that the offense had in fact occurred,

we also think that the erroneous admission of hearsay testimony from three other witnesses, unduly and improperly bolstered, stressed, and emphasized Kristi Lynn's testimony. Without the hearsay testimony of the three witnesses, the jury may well not have been convinced that the appellant, whose defense was alibi, was guilty as charged.

This case is unlike the case of *Patterson v. State*, 458 S.W.2d 658 (Tex.Cr.App.— 1970), where it was held, in a child indecency case, that the admission of hearsay testimony from the father of the child, was harmless error. In *Patterson* the court held that since the testimony of the child, who was the complaining witness, was corroborated by the testimony of an eye witness to that event, the appellant had not been prejudiced by the admission of the hearsay testimony. We do not have that situation here.

Appellant's fifth ground of error is sustained and the cause is reversed and remanded to the trial court for a new trial.

HUGHES, Justice, dissenting.

I agree with the majority opinion in all respects except as to sustaining the Fifth Ground of Error and reversing the case thereon. I would overrule the Fifth Ground of Error and affirm the case.

The testimony of Tammy Ramsey and Barbara Ramsey, pinpointed the July 11, 1978 date as the day before the event testified to by Kristi Lynn occurred. That a ten year old girl could not give a date certain to an event is not surprising. The complained of testimony was admissible to connect the proper date to the little girl's account and was properly considered as a part of the *res gestae* of the offense, particularly in connection with the defense of alibi set up by the appellant.