**Ronald Wayne ADDKISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-84-459-CR.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 12, 1985.

Rehearing Denied Oct. 10, 1985.

Jack Kelso, Corpus Christi, for appellant.

C.F. Moore, Beeville, for appellee.

Before KENNEDY, UTTER and SEERDEN, JJ.

OPINION

KENNEDY, Justice.

Appellant was convicted of indecency with a child which is defined by TEX.PENAL CODE ANN. § 21.11 (Vernon Supp. 1985).

The indictment contained five counts or paragraphs, four of which alleged sexual contact and one of which alleged indecent exposure. The jury found appellant guilty of indecency with a child (sexual contact) and assessed his punishment at confinement for 20 years and a fine of $5,000.00. We affirm.

Appellant's first of two grounds of error allege that there was insufficient evidence to convict him since there is insufficient proof, either direct or circumstantial, that

he touched the anus of the complaining witness. It will be necessary for us to review the evidence.

Appellant was the nineteen year old cousin of the complaining witness, a five-year old boy. On the occasion in question they were both staying with the grandmother of the complaining witness, having been left there while his parents went on a trip. On the day after his parents returned and picked him up the child relayed to his mother some facts which caused her to begin an investigation leading to this prosecution.

The testimony of the five-year old complaining witness on the proposition of whether there was physical contact between appellant's penis and the witness's anus, or any part of his body, is as follows:

(on direct examination)

Q. Okay. Was his peewee—did he get his peewee inside or outside the pants, your pants?

A. I don't know.

Q. Do you remember whether or not his peewee touched any part of your body?

A. No.

(on cross-examination)

Q. Okay. Did you tell us a while ago that Ronald Wayne Addkison did not stick his penis up in your butt?

A. No.

Q. You're saying that he did not do that?

A. He did.

Q. Okay. That means that on the first count of this indictment, which says that he caused penetration of your anus—that is your butt—that means he's not guilty of that; is that correct? Do you understand that?

A. Yes.

Q. Okay. Is he not guilty of putting his peewee in your butt?

A. I don't know.

(on redirect examination)

Q. Do you know whether or not Ronnie Addkison's peewee ever might have touched your butt when he was doing that?

A. It did not. No.

Q. It did not, or do you know?

A. It didn't.

We hold the direct evidence of contact to be insufficient to support the conviction. We turn now to the sufficiency of the circumstantial evidence.

The grandmother of the complaining witness testified that shortly after the alleged incident he had complained to her about a "sore bottom" and that he was crying when he made the complaint. She further testified that, later, he said he did not want to sleep with appellant any more.

The mother of the complaining witness confirmed that her son had a sore bottom on the occasion in question. She also testified that following the pertinent date herein her son's underwear was marked with feces with red streaks therein; that when she examined her son "he was real red and had three splits around his rectum." Additionally, the mother testified that when she and her husband (the boy's father) went to appellant's home to confront him about the matter she was met in the driveway by appellant's mother who began "... asking me about it. There was no question they all knew." On this occasion she described appellant, who was sitting in his mother's car, as:

A. He was a basket-case. He was throwing up and shaking violently and pouring sweat out and hollering, "Oh, my God." He had to be taken to the hospital.

In *Nathan v. State of Texas*, 611 S.W.2d 69 (Tex.Crim.App.1981), the Court of Criminal Appeals quoted, with approval, its earlier opinion in *Flores v. State of Texas*, 551 S.W.2d 364 (Tex.Crim.App.1977) which held, inter alia:

It is well established that a conviction on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of guilt and proof amounting

only to strong suspicion is sufficient. [Citing authority.]

\* \* \* \* \* \*

In circumstantial cases it is not necessary, however, that every fact point directly and independently to the defendant's guilt. It is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. [Citing authority.]

\* \* \* \* \* \*

In determining whether incriminating circumstances are sufficient, each case must be tested by its own facts. [Citing authority.]

■ Tested by this standard, we hold the circumstantial evidence, in its totality, to be sufficient to convict appellant in this case. Ground of Error No. 1 is overruled.

Appellant's second and final ground of error complains of the trial court's admission of testimony by the mother of the complaining witness concerning what her son told her about the incident over a hearsay objection. The complained of testimony was as follows:

A. I asked him what all he did at Dewie's, did he have fun and everything, and I was looking at a magazine and he started telling me everything he did. He said Ronnie wanted to play nasty games all the time, but he only took his peewee out once. When he said that, that floored me because I said, "What do you mean took his peewee out?" That's when he started telling me everything that happened.

On the day following the admission of this testimony the trial judge reversed her ruling by instructing the jury to disregard the above-quoted testimony. However, she denied appellant's motion for mistrial.

■ Prior to the admission of the above-quoted testimony of the mother the complaining witness had testified as follows:

Q. Okay. Tell the Court whether or not—or tell the jury whether or not Ronnie pulled out or took his peewee out.

A. Yes.

Q. He did? Okay. Were his pants still on when he did that?

A. Yes.

Q. Okay. Did he just pull it out?

A. Yes.

Q. What did he do with it?

A. Tried to get me to suck it.

Q. Tried to get you to do what?

A. Suck it.

Q. Okay. What did you tell him about that?

A. No.

Q. What's the next thing you remember him doing?

A. Putting it between my legs.

Q. Okay. Where were you laying when he did that?

A. On the bed.

We consider this ground of error to be more clearly related to that contained in *Patterson v. State of Texas*, 458 S.W.2d 658 (Tex.Crim.App.1970) than in *Yaw v. State of Texas*, 632 S.W.2d 768 (Tex.Crim. App.1982) cited by appellant. *Yaw* was distinguished from *Patterson* because in *Yaw* there was no other testimony heard by the jury than the hearsay. Here, as in *Patterson* the appellant's testimony was merely a repeat of what an eyewitness (the child) had already covered in his testimony. The complained of hearsay statement was not essential to the State's case. Further, in our case the hearsay was much less detailed than the prior testimony of the complaining witness.[1] We hold, as did the court in *Patterson,* that no reversible error occurred. In so doing we note additionally that the trial court instructed the jury to disregard the hearsay statement in our case. It does not appear from a reading of

1. In *Patterson* the hearsay testimony was said by the appeals court to be identical to the prosecu-

trix's testimony on the stand.

*Patterson* that such an instruction was requested or given.

We overrule this ground of error. The judgment of the trial court is affirmed.