**Randall Douglas LEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–01085–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 19, 1989.

Rehearing Denied Nov. 9, 1989.

Terry G. Collins, James Wm. Dawes, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. Harris County, Alan Curry, Donna Cameron, Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, DUNN and O'CONNOR, JJ.

O'CONNOR, Justice.

A jury convicted appellant, Randall Douglas Lee, of aggravated sexual assault of a child and assessed punishment at 18 years confinement.

Dr. Hwu examined complainant ("Mary"[1]), a seven-year-old female child, on September 21, 1987, and found tenderness in the suprapubic area and surface abrasions on the hymen. Dr. Hwu suspected Mary had been sexually assaulted and recommended Mary see a child abuse expert. Dr. Mishaw examined Mary on October 1, 1987. According to Dr. Mishaw, Mary's statements indicated a "man in his twenties placed his penis on her genitalia." Mary also "describe[d] a residue coming from her genitalia that is consistent with semen." Mary told the doctor "she had a

---

1. Not her real name; merely used to identify complainant.

feeling to go up to the apartment" where the assault occurred. Based on his expertise, Dr. Mishaw stated the history given by Mary indicated penetration of her sexual organ by an adult male penis.

Mary testified she knew appellant because he lived in the same apartment complex. Appellant would ask Mary to get him a soda. She went into his apartment two or three times. Mary first went to appellant's apartment with a friend when appellant invited them in to watch a movie. Not long after that, Mary went to appellant's apartment to get a drink of water. While she was in his apartment, appellant took her underpants off and pulled his own underwear and pants down below his knees. Appellant got on top of Mary on the couch and put his penis in her sexual organ. Afterwards, appellant told her it was wrong and he should not have done it. Mary then went into the bathroom, put on her clothes, and ran home crying. She did not tell her mother what happened because she was afraid she would get in trouble.

## I. SUFFICIENCY OF THE EVIDENCE.

■ In his fourth point of error, appellant contends the evidence was insufficient to support his conviction. When we review the sufficiency of the evidence, we examine it in the light most favorable to the verdict. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). After viewing the evidence in the light most favorable to the verdict, we determine whether a rational fact finder could find the essential elements of the crime beyond a reasonable doubt. *Anderson v. State,* 701 S.W.2d 868, 872 (Tex.Crim.App.1985). If not, we must reverse.

The Texas Penal Code defines sexual assault of a child as, when a person intentionally or knowingly:

> causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor.

Tex.Penal Code Ann. sec 22.011(a)(2)(C) (Vernon 1989).

We find the evidence sufficient to support appellant's conviction. We overrule the fourth point of error.

## II. DENIAL OF MOTION FOR MISTRIAL.

Before the trial started, the trial court granted appellant's motion in limine to exclude hearsay statements made by Mary to doctors and other persons investigating the incident.

### A. *Prosecutor's Statements.*

In his first point of error, appellant complains the trial court erred in denying his motion for mistrial, made in response to a comment by the prosecutor. During the prosecutor's redirect examination of Dr. Mishaw, she made the following statement:

Q: *Now, you stated that the child had a feeling to go up to Doug's apartment.* Did she also tell you that a girl—

DEFENSE COUNSEL: I object. That's not what he said. I object now, Your Honor. I move for what she stated there to be stricken from the record. I ask that the jury be instructed to disregard it, Your Honor.

THE COURT: Members of the jury, please disregard the last statement by the prosecutor.

DEFENSE COUNSEL: I move for a mistrial for what she just stated before the jury.

THE COURT: Denied.

Q: Doctor, if I can have you look at the actual examination of what you wrote down and compare that with what the defense attorney asked you about this feeling that [Mary] described. Can you tell the jury what the child had said to you in those sentences.

A: Well, she says that she had feeling to go up to the apartment. And again I don't know what she meant specifically by that feeling.

Q: *So her words were a feeling to go up to his apartment.*

A: Yes. I have in quotes the word feeling.

[Emphasis added.]

Appellant argues that both comments by the prosecutor prejudiced him. We note, however, that appellant only objected to the first statement. Therefore, any error as to the second statement is waived. Tex. R.App.P. 52(a).

■ Appellant argues Mary's statements made to Dr. Mishaw were not admissible. We note that Dr. Mishaw did not actually testify that Mary said "Doug's apartment." It was the prosecutor who used those words. Appellant made a timely objection to the prosecutor's statement. The trial court sustained the objection and instructed the jury to disregard the comment. An instruction to disregard cures any error unless the evidence is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing its impression on the jury. *Crawford v. State*, 603 S.W.2d 874, 876 (Tex.Crim.App.1980).

■ Appellant cites *Hassell v. State*, 607 S.W.2d 529 (Tex.Crim.App.1980). In *Hassell*, the State offered evidence by the treating physician that the victim said her mother hit her in the stomach with a broom. The trial court overruled defendant's objections and admitted the testimony. The court of criminal appeals reversed, holding the statements did not fit within the hearsay exception for statements made during the diagnosis or treatment of an injury. *Id.* at 531; *see* Tex.R. Crim.Evid. 803(4). The court said the statements related to the "cause" of the injury.

We do not find *Hassell* compelling. Here, the trial court sustained appellant's objection and instructed the jury to disregard the prosecutor's statement. We find the trial court's instruction cured any harm to appellant. In any case, the later admission of the same evidence without objection cured any error in the admission of the first statement. *Hudson v. State*, 675 S.W.2d 507, 511 (Tex.Crim.App.1984).

We overrule the first point of error.

**B. *Hearsay Statements.***

In his second point of error, appellant contends the trial court erred in denying his motion for mistrial because of hearsay testimony. Appellant directs this Court to six statements made by Mary's mother, summarized here:

1. In response to a question, why she went to appellant's apartment to look for Mary, the mother *testified a neighbor told her Mary was there.* Appellant objected and asked for the witness to be instructed not to volunteer hearsay. The court sustained the objection and admonished witness.

2. When the mother scolded Mary for going to the apartment, she *testified Mary responded that two girls took her there.* Appellant objected (did not ask for instruction). The court sustained the objection.

3. The mother *testified she learned about the problem when Mary told her grandmother.* Appellant did not object; merely reminded the court of the motion in limine.

4. The mother *testified Dr. Clark told her there was nothing they could do.* Appellant asked for the witness to be instructed not to volunteer hearsay; the court admonished the witness.

5. The mother *testified Mary told her she hurt.* Appellant complained about the mother's statement, but did not assert an objection. At the bench, the court admonished the witness not to repeat what she was told by others.

6. When asked to describe Mary's reaction, the mother *testified Mary "was upset and crying, telling me it was" appellant.* Appellant objected and asked the court to instruct jury to disregard; the court instructed the jury to disregard; appellant moved for mistrial; the court overruled the motion.

■ We note that the admission of other evidence, introduced without objection, cures any error associated with inadmissible evidence. *Hudson v. State*, 675 S.W.2d at 511; *see also Anderson v. State*, 717 S.W.2d 622, 628 (Tex.Crim.App.1986).

The admission of other evidence cured the first and second statements. Mary testified that the first time she went to appellant's apartment her mother came to the apartment and got her. She stated she got in trouble for going into his apartment and that was why she was afraid to tell her mother what happened. Appellant did not object to her testimony.

Other evidence, admitted without objection, cured any error associated with the third statement. *Id.* Mary testified without objection that she told her grandmother about the incident first, and then her mother. We also note that appellant did not object to the third statement as hearsay; he merely "reminded" the trial court of the motion in limine.

In response to the fourth and fifth statements, appellant received the relief he requested when the trial court instructed the mother not to utter hearsay.

Appellant, in response to the sixth time the mother volunteered hearsay, asked the court to instruct the jury to disregard. An instruction to disregard generally cures any error. *Crawford v. State,* 603 S.W.2d at 876. We find the instruction to disregard cured any error. The only relief appellant requested that he did not receive, was the motion for mistrial. *See* Tex.R. App.P. 52(a). Because the trial court gave him all the relief appellant requested, he does not show harmful error. *See Nethery v. State,* 692 S.W.2d 686, 701 (Tex.Crim. App.1985).

Appellant cites *Yaw v. State,* 632 S.W.2d 768 (Tex.App.—Fort Worth 1982, pet. ref'd). In that case, the trial court overruled *objections* and permitted the mother and sister to testify about statements made by the victim. The appellate court said the testimony was inadmissible hearsay, outside the res gestae exception, and prejudiced the defendant. *Id.* at 770. *Yaw* can be distinguished because the court overruled defendant's objection to the hearsay statements. Here, appellant's objections were sustained, and he received the relief he requested.

We overrule the second point of error.

## III. ADMISSION OF MEDICAL RECORDS.

In his third point of error, appellant argues the trial court erred in admitting Dr. Mishaw's medical records into evidence. Appellant contends the records were inadmissible because the State did not follow the notice requirements of Tex.R.Crim. Evid. 902(10).

Rule 902(10) provides records are admissible in trial, without supporting testimony, if:

1. The records are admissible under rule 803(6) or (7); and

2. The party filing the records:
   a. Attaches an affidavit of a qualified custodian under Tex.R.Crim.Evid. 803(6), to the records (*see* Rule 902(10)(b) for form affidavit);
   b. Files the records:
      (1) With the clerk of the court in which the case is pending;
      (2) At least fourteen days before trial begins;
   c. Provides notice to the other parties, that:
      (1) Is prompt (served in compliance with Tex.R.Civ.P. 21a, 14 days before trial begins); and
      (2) Identifies the affiant and affiant's employer, if any; and
   d. Makes the records available to the other parties for inspection and copying.

Rules 803(6) and (7) permit a party to introduce into evidence the records of a regularly conducted activity if the custodian, or other qualified witness, testifies the records are:

1. Made at or near the time by a person with knowledge of the event or activity;

2. Kept in the course of a regularly conducted business; and

3. Made in the regular practice of that business.

Rules 803(6) and 902(10) operate together to permit a party to introduce admissible business records without the testimony of a "live" witness. In this case, the State in-

troduced medical records through the testimony of Dr. Mishaw. With his testimony, the State laid the predicate for the documents to be admissible under rule 803(6). There was, therefore, no need for the State to give notice under rule 902(10). Appellant's point is without merit.

We overrule the point of error and affirm the judgment of the trial court.