IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-132-CR





DETLEF BLAUEN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT



NO. 92-330-K368, HONORABLE BURT CARNES, JUDGE PRESIDING


 





 After his not guilty plea, a jury found appellant guilty of indecency with a child. 
Tex. Penal Code Ann. § 21.11(a)(1) (West 1989). The punishment assessed by the jury is
confinement for thirteen years and one day. We will affirm the judgment.

 The sufficiency of the evidence is not challenged. Appellant asserts in four points
of error that the trial court erred in failing to grant him a mistrial when the State elicited a child's
outcry statement without complying with Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp.
1994). Appellant also argues that the admission of this evidence, which was later withdrawn and
which the jury was admonished not to consider, constitutes a violation of his federal and state
constitutional rights to confrontation, due process, and due course of law. However, appellant's
federal and state constitutional claims were not preserved for review by trial court objections. It
is necessary for the accused to object on the basis of confrontation and due process to preserve
the alleged error for review. Holland v. State, 802 S.W.2d 696 (Tex. Crim. App. 1991); see
Thomas v. State, 723 S.W.2d 696 (Tex. Crim. App. 1986). We therefore address only the
complaint that the State failed to give the notice required by article 38.072 before eliciting
testimony of the victim's grandmother.

 The grandmother testified that the victim said, "Daddy hurt me. No let Daddy hurt
my potty." This testimony was admitted over an objection of noncompliance with article 38.072. 
The trial court promptly acknowledged the erroneous admission of the statement and instructed
the jury to disregard the statement, but denied appellant's motion for a mistrial. Unless we
determine beyond a reasonable doubt that the error made no contribution to the conviction or to
the punishment assessed, we must reverse the judgment. Tex. R. App. P. 81(b)(2). To determine
whether the erroneous admission of the statement was reversible error, we must review the facts
of the case and the evidence adduced at trial because it is impossible to gauge the significance of
the error apart from the remaining evidence properly admitted. Harris v. State, 790 S.W.2d
568, 585 (Tex. Crim. App. 1989).

 The victim is the two-and-one-half year old daughter of the appellant. The victim's
mother and appellant were divorced, but the appellant had regular visitation rights. The appellant
made an oral and a written statement to investigating officers that out of curiosity he had touched
the victim three times around her vagina. One of the officers testified that in his oral statement
appellant admitted he had fondled the vagina of the victim on three occasions in three different
locations. On cross-examination, the officer admitted that appellant did not use the word "fondle"
in the written statement.

 After April 15, 1992, the alleged day of appellant's misconduct, witnesses noticed
that the victim's behavior changed. Three employees of the day-care facility testified that during
this time the victim cried a lot, resisted having her clothes changed, did not want to take her naps,
awoke from her naps in discomfort and pulled on her training pants. One of the employees
testified that once when the victim awoke from her nap she said, "Daddy don't." The victim's
mother testified concerning the victim's changed behavior. The victim did not want to take her
nap, did not want to go to sleep, requested inappropriate touching, and began placing objects in
her vagina. The victim developed a urinary infection in April. The victim's maternal
grandmother's testimony corroborated other State witnesses' testimony; she also reported the
victim's statement, "Daddy hurt me. No let Daddy hurt my potty."

 At the suggestion of their doctor, the victim's mother and maternal grandparents
took her to Dr. Birch Kimbrough, a physician at the Brackenridge Hospital emergency room. 
After examining the victim, and Dr. Kimbrough was unable to determine whether she had been
sexually abused. Kimbrough testified that he had never been able to diagnose child molestation
as the direct cause of a urinary infection. 

 In June 1992, the victim's mother and her parents took her to Dr. Robert Prall, a
psychiatrist, who treated the victim from that time until the time of trial. He concluded that the
victim's reported behavior and his observations of her during treatment were compatible with the
victim having been sexually abused.

 In his defense, appellant denied committing the offense. He attempted to explain
the statements attributed to him by the officers. Appellant admitted that after giving his written
statement he asked the officers: "What do you think I'll get for this, probation or go to the
penitentiary?" The appellant's testimony was lengthy. He explained that he had touched his
daughter around her vagina: "Basically just for a medical reason if I was to look for something
or for cleanliness." He also explained that although he had said he was sexually aroused while
his daughter was near him or on his lap, that on these occasions, the cause of his sexual arousal
was his wife, the child's mother, who was "coming on to him."

 He offered the testimony of his mother, stepmother, friends, and a co-worker in
his defense. These witnesses testified that during the time in question they had not observed any
of the inappropriate behavior of the victim noticed by the State's witnesses. The defense
witnesses had observed the appellant and the victim together and had not seen any improper
conduct by the appellant.

 The State argues that the erroneous admission of the grandmother's single sentence
of testimony, which the court instructed the jury to disregard, was cured by the admission of
similar evidence from other sources in the several volumes of lay and expert testimony. During
cross-examination of Dr. Kimbrough, the defense offered and the court admitted as defense
exhibit three the entire record of Dr. Kimbrough's examination. That exhibit includes this report
from the victim's mother's:



The child also each night at about 2:30 to 3:30 a.m. awakens screaming, quoting
"don't daddy." The patient's mother also states that the child has told her that
"daddy hurt," and grabs her perineum. The patient's mother states the day care
where the child stays has reported similar behavior with the child waking herself
from her afternoon nap screaming the same thing and reaching for her perineum.



 Additionally, appellant did not object to state's exhibit four, six pages of
"Identifying Data" prepared for Dr. Prall the psychiatrist who was treating the victim. This
document includes a reference that the victim, "verbalized about 'daddy hurt,' etc." One of the
day-care facility employees testified that the victim on one occasion awoke and said, "'Daddy
don't,' and then she -- It was more of a whimper, and then she would just say 'daddy.'"

 Generally, an error in admitting improper testimony may be cured or rendered
harmless by its withdrawal and an instruction to disregard. Carter v. State, 614 S.W.2d 821, 824
(Tex. Crim. App. 1981); Cavender v. State, 547 S.W.2d 601, 603 (Tex. Crim. App. 1977). 
However, in extreme cases where it appears that the evidence is clearly calculated to inflame the
minds of the jurors and is of such character as to suggest the impossibility of withdrawing the
impression produced on their minds, the admission is not cured by the instruction. Carter, 614
S.W.2d at 824-25; Crawford v. State, 603 S.W.2d 874, 876 (Tex. Crim. App. 1980).

 In this case, the trial court withdrew the evidence and instructed the jury not to
consider it. If this did not cure and render the error harmless, there are additional reasons that
reversible error is not presented. Error in the admission of evidence may be cured when the same
evidence comes in elsewhere without objection. Stoker v. State, 788 S.W.2d 1 (Tex. Crim. App.
1989); Hudson v. State, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984); Paloma v. State, 656
S.W.2d 229, 232 (Tex. App.--Austin 1983, no pet.). When the defendant offers the same kind
of testimony or evidence about which he has objected, the error is deemed waived or cured by the
defendant. Sweeten v. State, 693 S.W.2d 454 (Tex. Crim. App. 1985); Porter v. State, 623
S.W.2d 374 (Tex. Crim. App. 1981). Similar evidence to that of which appellant complains came
before the jury in defendant's exhibit three, state's exhibit four, and the testimony of the day-care
employee.

 The complained-of hearsay statement was made by an interested witness, the
victim's grandmother, and it was not essential to the State's case. See Addkison v. State, 697
S.W.2d 812, 814-15 (Tex. App.--Corpus Christi 1985, pet. ref'd). Furthermore, the trial court
made a finding that the prosecutor was surprised by the testimony and did not act in bad faith.

 We will apply the harmless error analysis of Harris v. State, 790 S.W.2d 568 (Tex.
Crim. App. 1989), as this Court did in Fleming v. State, 819 S.W.2d 237, 248 (Tex. App.--Austin
1991, pet. ref'd). Since the trial court found the State was surprised by the grandmother's
testimony and that the State did not act in bad faith, the State was not the deliberate source of the
error. The appellant admits that, "the prosecutor did not repeatedly emphasize the error." 
Furthermore, the erroneously admitted testimony of the grandmother was essentially the same as
properly admitted evidence. We believe the State's case would have been just as persuasive
without the erroneously admitted testimony of an obviously interested witness. In view of the trial
court's finding that the State did not act in bad faith and was surprised by the witness's testimony,
our holding that the error is harmless is not likely to encourage the State to act improperly in the
future. We find beyond a reasonable doubt that the erroneous admission of the hearsay testimony
of the victim's grandmother, which the trial court withdrew and admonished the jury not to
consider, did not contribute to the conviction or punishment.

 The trial court did not err in denying the motion for mistrial. Appellant's points
of error are overruled and the judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Aboussie, Jones and Dally*

Affirmed

Filed: March 30, 1994

Do Not Publish


* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).