RUDY RODRIGUEZ V. STATE

No. 31,846. April 13, 1960

*Joseph D. Valdez,* San Antonio, for appellant on Motion for New Trial and Appeal Only.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *Norma Lee Fink,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is aggravated assault by an adult male upon a female.

The information also alleged an assault and battery, upon the female named therein, with a knife.

Trial was before the court without a jury, on a plea of not guilty. The trial judge, after hearing the evidence, found appellant guilty on both counts and assessed his punishment at 9 months in jail.

It would serve no useful purpose to set out the evidence in detail.

From the standpoint of the state it shows an assault by appellant, a man about 35 years of age, upon his sister-in-law, Edna Infante. She testified that when he came for her and she got in the car she saw that he was drunk; that he held a knife at her throat while she was driving his car, and later pressed the

knife to her stomach and "kept repeating that he did not want to molest me or rape me, that he wanted to kill me."

Mrs. Infante further testified that appellant scratched her on the throat with the knife and that he choked her "tight enough to where I hurt."

Mrs. Infante managed to get away from appellant when the car hit a bridge while they were struggling and she ran screaming to the nearby home of Mrs. Herrera, who testified for the state.

Appellant took the witness stand but his testimony was not materially different from the state's version. He testified that all he remembered was that Mrs. Infante was driving and said something about going to her house "so I guess I must have passed out for a while, I don't know—I was pretty drunk by then. I remember she hit a bridge with my car."

The evidence is sufficient to sustain the conviction under Count 1, alleging an aggravated assault by an adult male upon a female, as defined in Art. 1147(9) V.A.P.C. We need not consider its sufficiency to show that the assault was also aggravated under Section 10 of said statute because it was committed with a knife.

The principal ground for reversal is the contention that a new trial should have been granted because of newly discovered evidence.

As we understand the record, the claimed newly discovered evidence related to a conversation several days after the day of the offense, at which conversation appellant's wife was present and in which the prosecuting witness made a statement regarding the knife which was inconsistent with her testimony at the trial.

The prosecuting witness was interrogated about the same conversation on her cross-examination, and appellant's wife was in attendance and under process as a witness.

It does not appear from the record before us that the claimed newly discovered evidence would likely produce a different result upon another trial or that the trial judge abused his discretion in overruling the motion for new trial. Taylor v.

State, 149 Tex. Cr. R. 552, 196 S.W. 2d 925, and cases cited, are deemed applicable.

We observe also that the only affidavit, aside from that of appellant, supporting the motion for new trial claiming newly discovered evidence, was made before appellant's attorney. The defendant's attorney cannot act as a notary public in taking affidavits in support of a motion for new trial. Olliff v. State, 161 Tex. Cr. R. 336, 276 S.W. 2d 839, 842, and cases cited.

The judgment is affirmed.