### TROY EUGENE HOLCOMB V. STATE

No. 34,545.   April 25, 1962
Motion for Rehearing Overruled May 30, 1962

Appellant represented himself.

*Henry Wade,* Criminal District Attorney, *Frank Watts, Jack Hampton, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is robbery with firearms; the punishment, confinement in the penitentiary for 50 years.

Jack L. Anderson, the complaining witness, testified that he was night manager of a Fina Service Station located in Dallas County; that about midnight of June 17, 1961, he and a friend,

James B. Davis, were having a conversation near the front entrance of the station when two men walked up and asked for a gas can; that appellant, whom the witness identified at the trial as one of the two men, followed him into the station, pulled out a gun and said "Let's have it"; that he went to the cash drawer, opened it and appellant secured the money contained therein; that appellant also took the money which was in a coin changer fastened to his belt and some $98 contained in his billfold; that appellant then stated "I ought to shoot the big fat s. o. b."; that he waited upon several customers who came into the station while appellant was still present and after they drove out appellant said "Give me that money, too"; that the wire to the phone in the station was cut by appellant and he also took the keys to the witness' car. Anderson further stated that between $200 and $300 was taken, which was under his care, custody and control, without his consent on the night in question and that he was put in fear of his life or serious bodily harm by appellant's actions. The witness identified appellant as the person who took the money from a police line-up on June 19, 1961, and also identified State's Exhibit #1 as a .32 caliber gun similar to the one used by appellant in the robbery.

The testimony of James B. Davis was substantially the same as that of the complaining witness.

Police officers of the City of Dallas Police Department were called by the State and testified that around midnight on June 18, 1961, they went to an apartment house in Dallas where they found appellant in company with three companions; that appellant was found hiding in a clothes closet and placed under arrest. One of the officers identified State's Exhibit #1 as a gun belonging to appellant which was found in the apartment.

Appellant did not testify or offer any evidence in his behalf.

There are no formal bills of exception or objections to the court's charge appearing in the record.

Appellant first complains that an illegal search was made of the apartment because accomplished without a warrant for his arrest.

This contention has been raised in two previous cases against appellant, Holcomb v. State, No. 34,414 and Holcomb v. State, No. 34,415, rendered on April 4, 1962, by this Court, arising out of the same search. There is no evidence in the record that appel-

lent owned, occupied, or controlled the premises in question. Under such facts, appellant is not entitled to complain that the search was illegal. Rubens v. State, 166 Texas Cr. Rep. 71, 311 S.W. 2d 242.

It is next contended by appellant that the trial court erred in not considering his motion for change of venue.

Art. 562, V.A.C.C.P. provides, "A change of venue may be granted on the written application of the defendant, supported by his own affidavit and the affidavit of at least two credible persons, * * * ." An examination of the record reveals the absence of affidavits by two credible persons in support of the application. Failure to so comply with Art. 562, supra, renders the application fatally defective. Philpot v. State, 169 Texas Cr. Rep. 91, 332 S.W. 2d 323.

Finding the evidence sufficient to sustain the verdict of the jury and no reversible error appearing, the judgment is affirmed.