**Fred BROOKS, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40421.**

Court of Criminal Appeals of Texas.

June 7, 1967.

Rehearing Denied Oct. 4, 1967.

---

Fred Reynolds, Gene Starkey, Houston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is murder without malice (Art. 802c Vernon's Ann.P.C.); the punishment, 3 years.

Notice of appeal was given on November 18, 1966, when sentence was pronounced.

The record on appeal, including transcript of the portion of the reporter's notes requested by appellant, was approved by the trial judge on March 11, 1967, and filed in this court on April 17, 1967.

No brief for appellant was filed in the trial court pursuant to Art. 40.09, Sec. 9, Vernon's Ann.C.C.P.

There is no showing that appellant was indigent or that he was represented by court appointed counsel.

Appellant's brief filed in this court on May 30, 1967, presents no ground for reversal which he is entitled to have reviewed as unassigned error.

The judgment is affirmed.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

The offense is murder without malice (Art. 802c V.A.P.C.); the punishment, three years.

The failure to grant his application for a change of venue is urged by the appellant as a ground of error.

The record does not reveal that the application was supported by the affidavit of two credible persons as required by Art. 31.03, V.A.C.C.P. This omission renders the application fatally defective. Holcomb v. State, 172 Tex.Cr.R. 392, 356 S.W.2d 932; Sheffield v. State, Tex.Cr.App., 371 S.W.2d 49.

Error is also urged on the ground that the trial court should have changed the venue on his own motion for the reason that the decedent was the mother of the district clerk, and there was no way to insure the appellant a fair and impartial trial except to change the venue; and again erred for the same reason in refusing to grant appellant's amended motion for a new trial.

The motion to change venue alleged that the decedent was a respected and beloved citizen and the mother of the district clerk whose personal interest in the outcome of the trial was so great that nothing could be done to insure a fair and impartial trial in said county. The amended motion for new trial further alleged a bias and prejudice against him among the 14,000 population of said county, with the clerk as leader of a dangerous combination, and full newspaper coverage, which prevented him from getting witnesses and affidavits showing bias and prejudice against him, a stranger, without friends or family in the county.

The indictment herein was returned by the grand jury June 18, 1966. It alleged that the appellant on or about December 30, 1965, was driving a motor vehicle upon a public highway while intoxicated when he killed the deceased, Alma Sprott Jones, named in the indictment; and the trial began on August 1, 1966.

The state filed its controverting affidavit to appellant's first amended motion for new trial.

At the hearing, August 1, 1966, on the motion to change venue, Howard Jones, called by the appellant, testified that he had been district clerk since 1958; that his mother, who had been active in church and civic work, was killed in the automobile collision alleged in the indictment; that he filed the indictment returned by the grand jury against the appellant, kept the jury list in his office, and delivered a certified copy thereof to the sheriff at the direction of the judge; that he performed all the duties as district clerk for thirteen criminal cases, including appellant's case, which were set for trial for August 1, 1966; that he called the list of jurors on the panel; that when this case was called for trial his services upon direction of the judge was discontinued in this case, and another person was appointed to perform them; and that the appellant was a stranger in the county. In addition to the foregoing testimony given on the original hearing, Jones testified on the motion for new trial that he sat in the courtroom during the trial. He also testified that in his opinion appellant could have a fair trial in the county.

Billy Dove, editor of the local newspaper, testified that he first saw the appellant at the scene of the collision, and next saw him when he took his picture in the corridor of the jail, which he published along with an article about the collision in his newspaper on January 6, 1966, and that the decedent's name also appeared in the obituary column; that he did not personally know the decedent; that he did not recall any hostility against the appellant; that his paper had a circulation of about 2,000; and he expressed the opinion that appellant could have a fair trial in that county.

Lorean Lambeth, operator of a wrecker service, testified that she went to the scene of the collision; that she had heard persons talking about appellant being drunk at time of collision and they were "upset" because of his condition; and expressed the opinion that appellant could get a fair trial in the county.

 The trial court did not abuse its discretion in refusing to change the venue or to grant the first amended motion for a new trial.

We are unable to agree with appellant's contention that the court's failure to change the venue deprived appellant of a fair trial or to due process of law.

The remaining grounds of error urged in appellant's brief filed in this court relate to the court's charge to which there were no objections.

There are no formal bills of exception.

Appellant's motion for rehearing is overruled.