**Carl Felix NOBLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41613.

Court of Criminal Appeals of Texas.

Nov. 13, 1968.

Wayne B. Ames, Abilene, for appellant.

Edward R. Paynter, Dist. Atty., Abilene, and Leon B. Douglas, State's Atty., Austin, for the State.

### OPINION

DICE, Judge.

The offense is robbery by assault; the punishment, ten years.

The sufficiency of the evidence to sustain the conviction is challenged by appellant in his ground of error #3.

Joe Bell, the injured party, testified that on the night in question, while walking on Mesquite Street in the city of Abilene, he approached the appellant and two companions, Otis Noble and John Powell, standing on the sidewalk. At such time appellant asked him for a cigarette and when he answered that he did not have any appellant asked: " 'You got any money?,' " to which question the witness replied: " 'Well, if I is [sic], it is mine.' " As the witness started to walk off, appellant struck him on the side of the head with his fist. Then one of appellant's companions, John Wesley Powell, struck the witness in the back of the head with a one-by-four plank about four feet long, knocking him to the ground. Someone then said, " 'Let's kill him. Nobody don't see us nohow [sic].' " The witness stated that after being knocked to the ground "They * * *was* kicking me" and he was struck in the arm with a sharp object and also struck in the back. He stated that on the occasion he had $2 in his pocket, which after the assault, was missing and that he knew one of the three got it "because I could feel them going all in my pockets." He further stated that at first he did not

think appellant and his companions would hurt him because he had known them all their lives but that after the assault began he was scared.

Dr. Bobby Jack Estes testified that he treated the injured party for his injuries, which consisted of a stab wound in the right lower back, one in the chest which produced "hemothorax," and a lesser stab wound in his left arm, and abrasions about his head and face. He stated that the stab wound in the chest, if untreated, could have caused death.

Testifying in his own behalf, appellant denied that he assaulted and robbed the injured party and swore that as he and his cousin, Otis Noble, were walking toward the scene he observed John Wesley Powell strike the injured party and knock him down.

The issue of appellant's guilt was submitted to the jury upon a charge on principals.

By their verdict, the jury chose to accept the state's testimony and reject that of the appellant.

We find the evidence sufficient to support the conviction, and overrule appellant's ground of error #3.

In his first ground of error, appellant insists that the court erred in failing to grant a continuance on his own motion because the case was set for trial at a time when his court-appointed attorney was engaged in the trial of "another matter" and he "was, therefore, not afforded an opportunity to adequately confer with his Attorney or to render his Attorney assistance during the course of the trial."

No motion for a continuance appears to have been made by appellant under any provision of Arts. 29.03, 29.06, or 29.13 of our Code of Criminal Procedure.

While the record shows that during the trial the court declared a recess in order that appellant's court-appointed counsel could attend "another hearing," we perceive no error in the court's failing to grant a continuance on his own motion. Art. 251 of the Texas Rules of Civil Procedure relative to continuances in civil cases, cited by appellant, is not here applicable and controlling.

By his second ground of error, appellant insists that the court erred in admitting the testimony of Dr. Estes relative to the extent and severity of the injured party's wounds because such testimony was inflammatory and prejudicial to the rights of appellant.

No objection was made by appellant to the doctor's testimony and, under the record, his complaint is not before us for review. Howe v. State, Tex.Cr.App., 380 S.W.2d 616. We observe, however, that the doctor's testimony was admissible to show robbery by violence. Roberts v. State, 172 Tex.Cr.R. 500, 360 S.W.2d 883. The ground of error is overruled.

The judgment is affirmed.