Otis NOBLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 41614.

Court of Criminal Appeals of Texas.

Nov. 20, 1968.

W. L. Burke, Jr., Schulz & Hanna, Abilene, for appellant.

Edward R. Paynter, Dist. Atty., Abilene, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for robbery. The punishment was assessed by the judge at ten years.

This is a companion case to that of Noble v. State, 433 S.W.2d 894 decided by this court on November 13, 1968.

The appellant challenges the sufficiency of the evidence to support the conviction.

The state's testimony in this case is in effect the same as that introduced on the trial of the companion case as shown by said opinion.

The jury resolved the issues of fact against the appellant, and upon an examination and consideration of the evidence, it is concluded that it is sufficient to support the conviction.

As a ground of error, it is insisted that:

"The Trial Court erred in immediately sentencing defendant upon receipt of the Jury's verdict and thus did not allow Appellant the opportunity to introduce evidence of his prior criminal record."

The sequence of the pertinent events relating to this case according to the record occurred as follows:

The indictment was returned on December 15, 1967; trial counsel was appointed December 21, 1967; and the judgment dated January 15, 1968, recites that the appellant announced ready for trial before a jury. The appellant, for the first time, complained of the trial court's failure to accord him a hearing on the issue of punishment in his motion for a new trial. Trial counsel was allowed to withdraw on March 15, 1968, and counsel for appeal was appointed March 18. The appellant filed an application for probation on January 29, 1968. On the same date, the appellant was formally sentenced, and given credit for time spent in jail.

Appellant's counsel and the district attorney signed the following stipulation which was approved by the trial judge pertaining to the return of the verdict of the jury and the assessing of the punishment by the judge:

"The Court, after having studied the written verdict to the jury, inquired if the verdict as written was the verdict of all of the jurors. There was general murmurs of assent. The court then instructed the Defendant to rise, which he did.

"After having read the verdict aloud in open Court, the Judge then made the following statement: 'The jury having found you guilty, I find you guilty and will sentence you to ten years in the

State Penitentiary, to serve not less than five. Thank you, Ladies and Gentlemen. The jury is discharged.' The jurors immediately filed out of the courtroom, and the proceedings ended."

No election by the appellant in writing requesting that the punishment be assessed by the jury is contained in the record. The record fails to show that the motion for new trial was acted upon by the trial judge. No request to the trial judge to withdraw that portion of the judgment assessing the punishment and allow appellant to present evidence thereon was ever made according to the record.

Although, after the jury's finding of guilty, the trial court failed to afford an opportunity for the offer of evidence as to appellant's prior criminal record, his general reputation and his character, there is no showing that appellant would have done so or what it would have been except as reflected by the unverified allegations in the motion for new trial, signed only by counsel. In light of the record, the ground of error is overruled.

The judgment is affirmed.