**Marvin Quinton STUART, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42826.**

Court of Criminal Appeals of Texas.

May 6, 1970.

**130**

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough and J. Robert Musslewhite, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for the unlawful possession of a narcotic drug, to wit, hashish; the punishment, thirty years.

The appellant contends that the trial court erred in overruling his motion to quash the indictment on the ground that the allegation in the indictment that he "did then and there unlawfully possess a narcotic drug, to wit, hashish" was a conclusion and does not allege the component parts of hashish.

■ Under the express terms of Article 725b, Sec. 1(13) (14), Vernon's Ann.P.C., hashish is named as a narcotic drug. Having alleged the name of a particular drug as a narcotic drug, the possession of which is forbidden by statute, the state is not required to go further and allege its component parts. 40 Tex.Jur.2d 419, Sec. 12; 3 Branch 2d 355, Sec. 1423.2. It is pointed out that marijuana by name is forbidden by the same statute as is hashish. The form of indictment in the instant case has been consistently held to be sufficient in charging the possession of marijuana. Gonzalez v. State, 168 Tex.Cr.R. 49, 323 S.W.2d 55. The first ground of error is overruled.

The second ground of error is that the court overruled appellant's motion to suppress the evidence obtained as the results of an illegal search.

A hearing was held on the motion in the absence of the jury. The testimony reveals that about 2:30 p. m., on Sunday, Officer Blevins, while at home, received information from an informant from whom he had previously received information which had been correct on six or seven prior occasions. The informant, whose voice Blevins recognized, told him that the appellant, who was personally known to Blevins, would be at a certain location in about 45 minutes or an hour where he would wait a few minutes for someone and then leave town and he would have marijuana and hashish in his possession. Blevins did not have time to get a search warrant; so he contacted Officer Grubbs and they went to the described location where they saw the appellant sitting alone in a parked Buick automobile bearing

a license number which Blevins knew through his previous investigations was registered for a Plymouth. They parked alongside appellant's car and asked him to step out which he did. The search followed resulting in the finding of a cellophane bag containing the alleged hashish.

■ The facts and circumstances in evidence were sufficient to constitute probable cause and authorized the search of the appellant without an arrest or search warrant. Arts. 14.03, and 14.04, Vernon's Ann.C.C.P.; Platt v. State, Tex.Cr.App., 402 S.W.2d 898; Ortega v. State, Tex.Cr. App., 414 S.W.2d 465. The second ground of error is overruled.

The third and sixth grounds are that the trial court erred in overruling appellant's motion for change of venue.

The application for change of venue was sworn to on October 12, 1968, by the appellant before his attorney. One affidavit in support of the application was signed by Leonard Ray Broussard and Kenneth J. Buntion as compurgators on October 12, 1968, and sworn to before appellant's attorney. Another affidavit was signed by appellant's father, Marvin W. Stuart and William R. Thomas, a friend, and sworn to before Raymond Thomas, a notary public, on October 14, 1968. The motion for change of venue was filed on October 15, 1968.

The trial began on November 12, 1968. At the outset of the trial the court, without hearing any evidence, overruled the motion for change of venue, and the appellant excepted thereto. Before the selection of the jury began the appellant, without amending his motion for change of venue or filing an affidavit sworn to before another than his attorney, pointed out to the court that the state had not filed affidavits controverting the motion for change of venue, sought to offer testimony in support of his compurgator affidavits. The court refused to hear it and announced that the motion for change of venue had already been overruled.

■ Art. 31.03, V.A.C.C.P., requires that a written motion of the defendant for a change of venue be supported by his own affidavit and the affidavits of at least two credible persons. An affidavit of the appellant made and sworn to by him before his attorney cannot be considered by the court. 2 Tex.Jur.2d 404, Sec. 11; Rodriguez v. State, 169 Tex.Cr.R. 365, 334 S.W. 2d 297; Garcia v. State, 172 Tex.Cr.R. 467, 358 S.W.2d 625. The affidavit of the appellant does not comply with the requirements of Art. 31.03, supra, and renders the application fatally defective. 16 Tex.Jur. 2d 405, Sec. 253, 1 Branch 2d 355, Sec. 310; Holcomb v. State, 172 Tex.Cr.R. 392, 356 S.W.2d 932. The third ground of error is overruled.

The fourth ground asserts that the trial court erred in refusing to require Officer Blevins to disclose the name of the informer upon whom he relied.

The appellant states in his brief that he knew the identify of the informer.

■ When the accused has knowledge of the identity of the informer there is no error in refusing to require the state to disclose his identity. There is no showing that the informer was unavailable or that appellant was prevented from calling him as a witness. 76 A.L.R.2d 291; 15 Proof of Facts 332; Bosley v. State, Tex.Cr. App., 414 S.W.2d 468. The fourth ground of error is overruled.

It is contended that the evidence is insufficient to support the conviction on the ground that it does not establish the identity of the substance in question or that the appellant knew he had it on him.

The evidence reflects that while Officer Grubbs was searching the appellant a cellophane bag containing a substance was seen in his waistband and that it fell from his waistband to the ground and Officer Grubbs picked it up. The cellophane bag containing the substance was properly marked for identification and placed it in a locked box by Officer Grubbs at the police

station. Chemist McDonald removed the cellophane bag from the locked box, and he made a chemical analysis of the substance in the bag. He further testified that his analysis of the substance in the bag showed that the substance was hashish, a narcotic drug.

 The evidence is sufficient to authorize the jury to find that the appellant knowingly possessed the substance in the cellophane bag and that it was hashish, a narcotic drug.

The judgment is affirmed.