Charles Fisk **NIELSSEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42958.

Court of Criminal Appeals of Texas.

July 8, 1970.

Cutler & Epps by Raymond R. Epps, Houston, for appellant.

Carol S. Vance, Dist Atty., James C. Brough and Bob Floyd, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery by assault with a prior conviction for an offense of the same nature alleged for enhancement under Article 62, Vernon's Ann.P.C.; the punishment, life.

Appellant's first ground of error is that the court permitted the injured party to identify appellant as the robber, because even though he had not witnessed a lineup, his son and daughter-in-law had been at the lineup; they came home, and told him that they had identified, "The man that was there." The witness had ample opportunity to identify appellant both before he entered the house, and while he was in the well lighted kitchen, during the course of the robbery, and stated that he had no difficulty in identifying him both at the examining trial and at the trial.

His second ground of error presents far more difficulty. It relates to the in-court identification of appellant by the injured party's son and daughter-in-law who had been present and identified appellant at the lineup. Appellant did not have counsel and did not waive the presence of counsel at the lineup. Before the court permitted the two witnesses to give an in-court identification of appellant, the jury was retired. An extensive hearing was had. Since this lineup occurred after June 12, 1967, clearly Wade v. U. S., 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, is applicable.

At the conclusion of this hearing, the court found, in the absence of the jury, that the identification of the appellant by such witnesses was untainted by a prior lineup "investigation." We have examined the record with care as we did in Turner v. State, no. 42,194, and have concluded that the trial court was eminently correct in his findings. We again call attention to Bates v. U. S., 132 U.S.App.D.C. 36, 405 F.2d 1104, by Judge Burger, now Chief Justice. The lineup here, except for the presence of counsel, was in all things proper. While the state did, after the court had made such finding, introduce evidence before the jury that each witness had identified appellant in the lineup, we find no objection to such testimony; while this proof should never have been offered, we find harmless error under Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed.2d 705; Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284; Whitehead v. State, Tex.Cr.App., 450 S. W.2d 72. The injured party did not view any lineup. The other witnesses were em-

phatic that the lineup had not influenced their identification. After all, they had seen appellant in the well lighted kitchen of the injured party's home while he was hitting the old man over the head with a pistol and demanding his money. The partial mask, which appellant was wearing, fell down at one time leaving his whole face visible. The record is devoid of a suggestiveness on the part of the officers at the time of the lineup which was conducted within a few days after the robbery, U. S. v. Zeiler, 427 F.2d 1305 (1970).

■ Appellant's third ground of error relates to the admission of what he contends was hearsay evidence. Officer Matthews upon instructions went to the hospital on the night after the robbery in question, and found appellant in the emergency room and also found one Dorothy Dunn at the door of such room. He asked Dorothy how appellant had gotten to the hospital, and she replied that she had brought him in an automobile which was parked just outside. While there was no way of proving that appellant heard such conversation, it was the opinion of the officer that he could have heard it, and the court ruled that anything said outside the presence of appellant would be hearsay. As in McClure v. State, Tex.Cr.App., 430 S.W.2d 813, there was no showing that any accusation was made against the appellant, and that he remained silent, and we held that reversible error was not shown.

■ His fourth ground is that the court erred in admitting a statement made by appellant to the officer while in the emergency room. The officer asked appellant how he got injured, and appellant replied that "he had been at his mother's house earlier that night and had gotten mad and knocked a window out and cut his hand." This statement in no way implicated appellant in the robbery involved in this prosecution; it was made at a time when he was not under arrest, and is clearly not error.

■ His fifth ground is that the witnesses and the members of the jury "comingled" in the hallway during a recess. The moment the question was raised, the trial court halted the proceeding and determined that none of the jurors had heard anything any witness had said.

■ Appellant's sixth ground is most unusual. It is that he should have been tried with his co-indictee. We find no merit in the contention.

■ Appellant's seventh ground of error relates to several acts of alleged misconduct on the part of the state's attorney. This is too general to meet the requirements of Article 40.09, Sec. 9, Vernon's Ann.C.C.P. Nothing is presented for review.

■ Appellant's last grounds of error relate to the search of the automobile which was parked near the emergency room at the hospital. This record does not show that it was appellant's automobile or that he has standing to complain.[1] He assumes in his brief that the automobile belonged to the wife of his co-indictee, but the record does not support even this assumption.

Finding no reversible error, the judgment is affirmed.

1. See White v. State, Tex.Cr.App., 362 S.W.2d 650; Paige v. State, 161 Tex.Cr.R. 571, 279 S.W.2d 344; Rubens v. State, 166 Tex.Cr.R. 71, 311 S.W.2d 242; Holcomb v. State, 172 Tex.Cr.R. 392, 356 S.W.2d 932; Henley v. State, Tex.Cr. App., 387 S.W.2d 877; Schepps v. State, Tex.Cr.App., 432 S.W.2d 926; Stevenson v. State, 169 Tex.Cr.R. 431, 334 S.W.2d 814; Cf. People v. Teale, Cal., 75 Cal. Rptr. 172, 450 P.2d 564, and U. S. v. Trotta, 4 Cir., 401 F.2d 514.