**J. D. CHRISTOPHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45575.**

Court of Criminal Appeals of Texas.

Jan. 17, 1973.

Marvin C. Hanz, San Angelo, for appellant.

Frank C. Dickey, Dist. Atty., and Aaron Goldberg, Asst. Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Special Commissioner.

The appellant was convicted by a jury of theft of oil well equipment and tools over $50.00 in value, and the punishment assessed at two (2) years.

The appellant and Robert Ratliff and wife, Ruby Mae Ratliff, were stopped by City Police in San Angelo about 2:29 A.M. on July 21, 1970, because the 1963 Chevrolet station wagon being driven by appellant did not have on it a rear license plate. The license plate was detached and in the station wagon back of the driver's seat on the floor board. The officer saw what appeared to be heavy tools and numerous things "that I didn't know what it was." He called his sergeant, the sheriff and a ranger. The items in the car, a heavy load, proved to be from an oil lease of Tucker Well Service, and some of them bore the brand T.B.T. W.S.

About daylight, on July 21, 1970, Jimmy Tucker, alleged to be the owner, discovered that he had a rig stripped on the Williams lease in Schleicher County. This rig had been installed on that lease on July 20, 1970, and the theft occurred that night, before the appellant's apprehension at 2:29 A.M. in possession of the stolen property. Tucker identified the property as his.

When apprehended, the appellant had a pocket knife that had on the large blade "some grease and stuff," which the jury may have considered was on it from cutting a rubber hose. Such hose was cut when the property was stolen, and the cut hose was among the material recovered and offered in evidence. There was some defensive testimony tending to prove an alibi, but the defendant did not testify.

Appellant seeks a reversal because of the failure of the court to grant his motion for change of venue. The motion was not supported by any affidavit. No evidence or proof was offered to support its averments, and its denial was not error. Holcomb v. State, Tex.Cr.App., 356 S.W.2d

932; Sheffield v. State, Tex.Cr.App., 371 S.W.2d 49, certiorari denied, 375 U.S. 833, 84 S.Ct. 45, 11 L.Ed.2d 63; Brooks v. State, Tex.Cr.App., 418 S.W.2d 835; Mankin v. State, Tex.Cr.App., 451 S.W.2d 236.

By his second contention the appellant argues that it was error for the trial court to deny his motion for continuance. The court granted his first motion, overruled his second motion, then postponed the trial for absence of counsel, then overruled his third motion, which is here involved.

The gist of his complaint is that companion cases against the Ratliffs were tried in that court the first two days of the week, and he asserts that the jury panel was prejudiced against him on that account.

Nothing in the record bears out this contention. Voir dire of the jurors does not appear for our consideration except the juror Mrs. Peterson. She testified that she had heard of the result of the other trial, but that would not influence her in any way, and she would be guided by her own independent judgment.

No challenge to any juror is shown in the record. It does not appear that any of them heard the trial of the companion case. The mere fact that the jurors were on the panel did not per se disqualify them. Williams v. State, Tex.Cr.App., 274 S.W. 2d 704; Lopez v. State, Tex.Cr.App., 333 S.W.2d 379.

By his third contention, appellant claims error because of the admission of pictures of items of property alleged to be stolen. All 14 of these picture exhibits were identified as being correct representations of those items. With such a predicate, they were properly admitted. David v. State, Tex.Cr.App., 453 S.W.2d 172.

Certain items were admitted in evidence without objection, and complaint is not properly before this Court. Noble v. State, Tex.Cr.App., 433 S.W.2d 894, 895.

By his ground number 4, appellant in substance urges his complaint of being forced to trial under what he considered adverse circumstances, and is really the reiteration of his argument under his contentions 1 and 2.

Appellant's ground number 5 urges that there is a reasonable doubt as to defendant's guilt; in other words, the insufficiency of the evidence.

Appellant was found in possession of oil well equipment and tools missing from a rig in Schleicher County, Texas, immediately before. The court charged on circumstantial evidence and alibi. We have reviewed the evidence and find it sufficient.

Appellant also complains because the court made the sentence herein cumulative of the sentence in another case. This is within the discretion of the trial court. Art. 42.08, Vernon's Ann.C.C.P.

His other complaints are in effect repetitious of those already discussed.

Finding no reversible error in the record, the judgment is affirmed.

Opinion approved by the Court.