NUMBER 13-01-637-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___________________________________________________________________


STEVEN RICHARD HORNER , Appellant,



v.





THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 36th District Court

of San Patricio County, Texas.

__________________________________________________________________



MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Justice Rodriguez




 Appellant, Steven Richard Horner, brings this appeal following his conviction for the felony offense of
aggravated sexual assault. The trial court has certified that this case "is not a plea-bargain case, and the
defendant has the right of appeal." See Tex. R. App. P. 25.2(a)(2). Appellant contends the trial court erred
by: (1) denying his motion for change of venue; (2) denying his motion to suppress evidence from State
witness James Ronald Jones II; and (3) overruling his objection to the testimony of Carmela Quintanilla
regarding the victim's out-of-court statement. Appellant also complains of ineffective assistance of counsel.
We affirm.

I. FACTS

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here
except as necessary to advise the parties of the Court's decision and the basic reasons for it. See Tex. R. App.
P. 47.4.

II. MOTION FOR CHANGE OF VENUE

 By his first issue, appellant contends the trial court erred by denying his motion for change of venue. This
Court reviews motions for change of venue under an abuse of discretion standard. Dewberry v. State, 4
S.W.3d 735, 744 (Tex. Crim. App. 1999). The Texas Code of Criminal Procedure provides that a trial court
may change venue upon a showing: (1) that there exists so great a prejudice against the defendant in the
county where the prosecution is commenced that he cannot obtain a fair and impartial trial; or (2) that there is
a dangerous combination against the defendant instigated by influential persons, by reason of which the
defendant cannot expect a fair trial. Tex. Code Crim. Proc. Ann. art. 31.03(a)(1) & (2) (Vernon 1989). A
motion made under either ground must be in writing and supported by three affidavits, one from the defendant
and two from credible witnesses. See id. art. 31.03(a). 

 At the pretrial hearing, appellant provided the court with his motion for change of venue. However, the
motion did not include affidavits from two witnesses. See id. The omission of these affidavits renders the
motion fatally defective. Brooks v. State, 418 S.W.2d 835, 836 (Tex. Crim. App. 1967). There is no abuse of
discretion when the trial court denies a motion that does not adhere to statutory requirements. See
Christopher v. State, 489 S.W.2d 573, 574 (Tex. Crim. App. 1973); Stuart v. State, 456 S.W.2d 129, 131
(Tex. Crim. App. 1970); Hinkle v. State, 442 S.W.2d 728, 733 (Tex. Crim. App. 1969).

 Thus, we conclude that the trial court did not abuse its discretion in denying the motion for change of venue.
See Dewberry, 4 S.W.3d at 744. Appellant's first issue is overruled.

III. MOTION TO SUPPRESS 

 By his second issue, appellant contends the trial court erred by denying his motion to suppress evidence
provided by State's witness James Ronald Jones II. In his motion, appellant contended that the State delayed
disclosing Jones as a witness and the delay did not allow him sufficient time to properly prepare voir dire
argument and cross examination. On March 5, 2001, appellant filed a motion entitled "Motion for Disclosure
of Witness Names." The order granting the motion directed the State to provide such names no later than
5:00 p.m. on March 16, 2001. Jones was not disclosed as a witness until July 5, 2001. The State claims that
the witness was not known until May. The State further asserts that his identity was not disclosed until July 5
because the witness was assisting the State with another investigation regarding appellant. 

 Upon request by the defense, notice of the State's witnesses should be given. Stoker v. State, 788 S.W.2d
1,15 (Tex. Crim. App. 1989) (citing Young v. State, 547 S.W.2d 23, 27 (Tex. Crim. App. 1977)). If the trial
court allows an undisclosed witness to testify, we review the decision for abuse of discretion. Castaneda v.
State, 28 S.W.3d 216, 223 (Tex. App.-El Paso 2000, pet. ref'd) (citing Stoker, 788 S.W.2d at 15);Irvine v.
State, 857 S.W.2d 920, 926 (Tex. App.-Houston [1st Dist.] 1993, pet. ref'd). In determining whether the trial
court abused its discretion, this Court should consider whether: (1) the prosecutor acted in bad faith in failing
to provide the defense with the name of the witness; and (2) the defendant could reasonably anticipate that the
witness would testify despite the State's failure to disclose the witness's name. See Stoker, 788 S.W.2d at
15;Castaneda, 28 S.W.3d at 223; Irvine, 857 S.W.3d at 927. In determining whether the State acted in bad
faith in failing to provide the name of the witness, we consider whether the State intended to deceive, whether
the State's notice left adequate time to prepare, and whether the State freely provided the defense with
information. See Hardin v. State, 20 S.W.3d 84, 88 (Tex. App.-Texarkana 2000, pet. ref'd); see also Stoker,
788 S.W.2d at 15. 

 Here, although the State waited some time after discovering the witness to disclose his name to appellant, it
does not appear to have been done with the intent to deceive. See Hardin, 20 S.W.3d at 88. The State
delayed disclosure to protect another investigation, and to allow for the witness to be transported to another
facility. See id. Also, although the State did not disclose the identity of the witness until July 5, 2001, the trial
did not begin until August 13, 2001. Thus, appellant had adequate time to prepare. See id. Furthermore, the
State was willing to provide appellant with information that could be used to impeach the witness, and with
the terms of the State's agreement with the witness. See id. We find no showing of bad faith by the State.

 We next consider whether the defendant could reasonably anticipate that the witness would testify for the
State. Stoker, 788 S.W.2d at 15. The record shows Jones was assisting the State with another investigation
regarding Horner. Appellant and Jones were inmates at the same correctional facility. They had no prior
relationship and did not maintain a relationship after their incarceration. Furthermore, the record supports that
the investigation was confidential and covert, thus, the defendant could not have reasonably anticipated that
the witness would be called to testify.

 However, the record does not show there was a significant degree of disadvantage inherent in the surprise, if
any, resulting from the State's late disclosure. See id. Counsel was informed on July 5, 2001 of the State's
intent to call Jones and was given the scope of his testimony prior to trial. The trial court remedied any
surprise to appellant by granting a continuance. See id. Voir dire began August 13, 2001, over a month after
appellant was provided with the witness's identification. 

 Thus, we find that the trial court did not abuse its discretion in refusing to suppress the witness's testimony.
Appellant's second issue is overruled.

IV. INEFFECTIVE ASSISTANCE OF COUNSEL

 By his third issue, appellant contends he was not afforded effective assistance of counsel. The United States
Supreme Court and the Texas Court of Criminal Appeals have promulgated a two-prong test to determine
whether representation was so inadequate that it violated a defendant's sixth amendment right to counsel. 
See,e.g.,Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55
(Tex. Crim. App. 1986); Munoz v. State, 24 S.W.3d 427,433 (Tex. App.-Corpus Christi 2000, no pet). To
establish ineffective assistance of counsel, appellant must show: (1) his attorney's representation fell below an
objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's
errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687; Stone v. State, 17
S.W.3d 348, 349-50 (Tex. App.-Corpus Christi 2000, pet. ref'd). Appellant has the burden of proving
ineffective assistance of counsel by a preponderance of the evidence. See Munoz, 24 S.W.3d at 434; Stone, 17
S.W.3d at 350. An allegation of ineffective assistance of counsel will be sustained only if it is firmly founded
and the record affirmatively demonstrates counsel's alleged ineffectiveness. Guzman v. State, 923 S.W.2d
792, 797 (Tex. App.-Corpus Christi 1996, no pet.). In assessing a claim of ineffective assistance of counsel,
there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Also, in the absence of evidence of
counsel's reasons for the challenged conduct, an appellate court will assume a strategic motivation and will not
conclude the conduct was deficient unless the conduct was so outrageous that no competent attorney would
have engaged in it. See id.; Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Finally, an
appellant's failure to satisfy one prong of the Strickland test negates a court's need to consider the other
prong. Garcia, 57 S.W.3d at 440.

 Appellant contends his trial counsel was ineffective in: (1) failing to properly object to responses of venire
members; (2) failing to file a statutorily sufficient motion for change of venue; and (3) failing to preserve
evidence of prejudicial print and media coverage for the motion for change of venue.

 Appellant urges that his trial counsel's failure to object to responses of venire members resulted in the voir
dire process being tainted. The record shows that trial counsel did not object to responses made by the venire
members. However, he did use his challenges to ensure all commenting venire members were eventually
stricken for cause. In the absence of evidence showing counsel's reasons for the challenged conduct, we
assume a strategic motivation and will not conclude that the conduct was deficient. See Garcia, 57 S.W.3d at
440. Furthermore, appellant has not proven by a preponderance of the evidence that the responses tainted the
voir dire process.Munoz, 24 S.W.3d at 434. 

 Appellant next challenges trial counsel's action regarding his motion for change of venue. Specifically,
appellant complains trial counsel was ineffective because he failed to attach the affidavits of two witnesses to
his motion for change of venue as required by article 31.03(a) of the code of criminal procedure. Tex. Code
Crim. Proc. Ann. art. 31.03(a). Appellant correctly asserts the motion was defective and failed to comply with
the statutory requirements. However, appellant provides no evidence that his trial counsel would have been
able to obtain two credible individuals willing to sign affidavits on his behalf or that the affidavits would have
provided information sufficient to warrant a change of venue. Therefore, appellant did not prove by a
preponderance of the evidence that the trial court would have granted the motion for the change of venue if
the affidavits had been properly filed. See Strickland, 466 U.S. at 687; Munoz, 24 S.W.3d at 434. 

 Finally, appellant claims trial counsel was ineffective because he failed to preserve evidence of prejudicial
print and media broadcast coverage. However, appellant has not presented evidence of the alleged extensive
prejudicial print and media broadcast coverage. See Munoz, 24 S.W.3d at 434. To the contrary, the record
reveals only one newspaper article, and it was written over a year before jury selection. In the absence of
evidence showing counsel's reasons for the challenged conduct, we will assume a strategic motivation and will
not conclude the conduct was deficient. See Garcia, 57 S.W.3d at 440. Thus, the record fails to affirmatively
demonstrate counsel's alleged ineffectiveness. See Guzman, 923 S.W.2d at 797.

 We conclude appellant was not denied effective assistance of counsel. Appellant's third issue is overruled.

V. OUT-OF-COURT STATEMENT

 By a supplemental issue, appellant argues the out-of-court statement of C.S., the victim, does not fall within
rule 803(4) of the Texas Rules of Evidence. See Tex. R. Evid. 803(4). (1) Appellant further contends that the
admission of the statement violated his confrontation rights under the Sixth and Fourteenth Amendments of
the United States Constitution and article 1, section 10 of the Texas Constitution. See U.S. Const. amends.
VI & XIV; Tex. Const. art. I, § 10.

 During the course of her interview with C.S., Carmela Quintanilla, a social worker at Driscoll Hospital, asked
eight-year-old C.S. if anybody had touched her. C.S. responded by writing appellant's name on a piece of
paper. Quintanilla recounted this statement to the jury. Appellant objected on hearsay and constitutional
grounds. The trial court overruled appellant's objection and admitted the statement under rule 803(4). See
Tex. R. Evid. 803(4).

A. Waiver

1. Hearsay Objection



 A defendant must make a timely objection in order to preserve error in admission of evidence. Tex. R. App.
P. 33.1(a). Failure to do so waives error, and hearsay admitted without objection is probative evidence. See
Fernandez v. State, 805 S.W.2d 451, 455-56 (Tex. Crim. App. 1991). Moreover, "[i]t is well-established that
the admission of the same evidence, without objection, waives any previously stated objections to the
evidence." Martinez v. State, Nos. 01-02-00475-CR, 01-02-00476-CR, 2003 Tex. App. LEXIS 1771, at *15
(Houston [1st Dist.] Feb. 27, 2003, no pet.) (citing Massey v. State, 933 S.W.2d 141, 143 (Tex. 1996)).

 Appellant timely objected to Quintanilla's testimony that C.S. wrote appellant's name on a piece of paper in
response to her questioning whether anyone had touched her. However, following the court's ruling on
appellant's objection to this evidence, Quintanilla provided further testimony, with no objection from appellant,
that after C.S. wrote appellant's name on the paper:

 [s]he began to cry, then she began to talk. She said that Steven Horner had hurt her when her mother had an
accident, and when her mother was at work. She stated that her mother worked late, and so it happened at
home when her mother was at work. She also mentioned it happened in November.



 This testimony provided the same evidence previously objected to by appellant: his identification as the
perpetrator of the sexual assault. By failing to object to this testimony, appellant's trial counsel waived any
previous objection to alleged hearsay evidence. See Tex. R. App. P. 33.1(a).

2. Constitutional Error

 Appellant also complains that the admission of Quintanilla's testimony violated his right to confront the
witness against him in violation of his constitutional rights. At trial, however, while appellant objected to the
written statement on constitutional grounds, he did not object to Quintanilla's subsequent testimony set out
above. Because he did not object to constitutional error in response to this testimony, appellant also waived
this argument. See Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000), cert. denied, 531 U.S. 1128
(2001) (citing Dewberry, 4 S.W.3d at 752 n.16) (only hearsay objection made at trial, thus, constitutional
argument waived on appeal); Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (even
constitutional error may be waived); Ex parte Crispen, 777 S.W.2d 103, 105 (Tex. Crim. App. 1989)
(appellate courts will not consider error which could have been but was not called to attention of trial court at
time when such error could have been avoided or corrected). Thus, we conclude appellant did not preserve
error in the admission of C.S.'s out-of-court statement. Appellant's supplemental point is overruled.

VI. CONCLUSION

 Accordingly, we affirm the judgment of the trial court.

NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 14th day of August, 2003.

1. Rule 803(4) of the Texas Rules of Evidence provides that statements made for purposes of medical
diagnosis or treatment are not excluded by the hearsay rule. See Tex. R. Evid. 803(4).