NUMBER 13-06-087-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MICHAEL MARTINEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 214th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 A jury convicted appellant, Michael Martinez, of criminal mischief and sentenced him
to two years' imprisonment. Appellant complains the trial court erroneously denied his
motion for change of venue. We affirm. (1)

Discussion

 Appellant contends he was denied his right to a fair trial due to the trial court's error
in denying his motion for change of venue. A trial court's denial of a motion for change of
venue is reviewed for abuse of discretion. (2) A trial court's decision concerning venue will
not be disturbed so long as it was within the realm of reasonableness given the facts
presented to the trial court. (3)

 Article 31.03(a) of the Texas Code of Criminal Procedure provides

 (a) A change of venue may be granted in any felony or misdemeanor case
punishable by confinement on the written motion of the defendant, supported
by his own affidavit and the affidavit of at least two credible persons,
residents of the county where the prosecution is instituted. . . . (4)


At a pre-trial hearing, appellant presented his motion for change of venue to the court.
Appellant's motion was supported by affidavits from two witnesses. However, the record
does not reveal that the motion was supported by appellant's own affidavit as required by
article 31.03. The omission of appellant's own affidavit renders the motion fatally
defective. (5) When a motion is not in the proper form, a trial court does not abuse its
discretion in denying it. (6) Thus, we conclude that appellant's motion for change of venue
is defective, and the trial court did not err in denying it. 

Conclusion

 We overrule appellant's point of error and affirm the judgment of the trial court.





 LINDA REYNA YAÑEZ, Justice



 



Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed this 

the 14th day of June, 2007.





1. As this is a memorandum opinion and the sufficiency of the evidence is not challenged, a recital of
the facts is not necessary except to demonstrate the Court's decision and reasoning. See Tex. R. App. P.
47.4.
2. Dewberry v. State, 4 S.W.3d 735, 744 (Tex. Crim. App. 1999); Ransom v. State, 789 S.W.2d 572,
579 (Tex. Crim. App. 1989).
3. Powell v. State, 898 S.W.2d 821, 826 (Tex. Crim. App. 1994).
4. Tex. Crim. Proc. Code Ann. art. 31.03(a) (Vernon 2006) (emphasis added).
5. See Stuart v. State, 456 S.W.2d 129, 131 (Tex. Crim. App. 1970); Horner v. State, 129 S.W.3d 210,
214 (Tex. App.-Corpus Christi 2004, pet. ref'd).
6. Horner, 129 S.W.3d at 214; see Ward v. State, 505 S.W.2d 832, 837 (Tex. Crim. App. 1974);
Christopher v. State, 489 S.W.2d 573, 574 (Tex. Crim. App. 1973); Hinkle v. State, 442 S.W.2d 728, 733 (Tex.
Crim. App. 1969).