**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00221-CR**
_____

**SVEN ERIK JOHANSSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 1A District Court**
**Tyler County, Texas**
**Trial Cause No. 10205**

## MEMORANDUM OPINION

A jury convicted Sven Erik Johansson of aggravated assault with a deadly weapon and assessed punishment at four years of confinement. Johansson appeals from the trial court's judgment revoking his shock community supervision and imposing sentence. In his sole appellate issue, Johansson contends the trial court erred by denying his motion for change of venue, which he filed after his conviction but prior to revocation of his shock community supervision. We affirm the trial court's judgment.

BACKGROUND

A jury convicted Johansson of aggravated assault with a deadly weapon. In accordance with the jury's verdict as to both guilt-innocence and punishment, the trial court signed a judgment which assessed punishment at four years of confinement. After a few months of confinement, the trial court ordered Johansson returned from TDCJ and placed him on shock community supervision for four years. Subsequently, the State filed a motion to revoke Johansson's community supervision.

Two days before the hearing on the State's motion to revoke, Johansson filed a motion for change of venue, in which he alleged that the judicial system as a whole is prejudiced against him such that he cannot receive a fair trial in Tyler County. The motion was not verified, and Johansson did not include any affidavits with his motion. The trial court denied Johansson's motion for change of venue, conducted an evidentiary hearing, found the allegations in the State's motion to revoke to be true, revoked Johansson's shock community supervision, and assessed punishment at four years of confinement in TDCJ.

ISSUE ONE

In his sole appellate issue, Johansson challenges the trial court's denial of his motion for change of venue. Article 31.03 of the Texas Code of Criminal Procedure provides as follows, in pertinent part:

> (a) the written motion of the defendant, *supported by his own affidavit and the affidavit of at least two credible persons*, residents of the county where the prosecution is instituted, for . . . the following cause[], the truth and sufficiency of which the court shall determine:
>
> 1. That there exists in the county where the prosecution is commenced so great a prejudice against him that he cannot obtain a fair and impartial trial[.]

Tex. Code Crim. Proc. Ann. art. 31.03(a)(1) (West 2006) (emphasis added). In his brief, Johansson concedes that he did not include the affidavits of two credible Tyler County residents, but he argues that his ability to obtain the two required affidavits demonstrates the truth of the allegations in his motion. Johansson cites no authority for this proposition.

We review a trial court's ruling on motions for change of venue under an abuse of discretion standard. *Dewberry v. State*, 4 S.W.3d 735, 744 (Tex. Crim. App. 1999). Omission of the statutorily-required affidavits required renders a motion for change of venue fatally defective. *Brooks v. State*, 418 S.W.2d 835, 836 (Tex. Crim. App. 1967) (op. on reh'g). A trial court does not abuse its discretion when it denies a motion for change of venue that does not meet the statutory

3

requirements. *Christopher v. State*, 489 S.W.2d 573, 574 (Tex. Crim. App. 1973); *Cover v. State*, 913 S.W.2d 611, 616 (Tex. App.—Tyler 1995, pet. ref'd). We therefore conclude that the trial court did not abuse its discretion by denying Johansson's motion for change of venue. *See Christopher*, 489 S.W.2d at 574; *Brooks*, 418 S.W.2d at 836; *Cover*, 913 S.W.2d at 616. Accordingly, we overrule issue one and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 1, 2015
Opinion Delivered April 22, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

4