**Opinion filed December 16, 2021**



## In The

# Eleventh Court of Appeals

_____

## No. 11-20-00032-CR
_____

## BRANDON NATHANIEL ARNDT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**

**Throckmorton County, Texas**

**Trial Court Cause No. 1288**

## M E M O R A N D U M   O P I N I O N

A jury convicted Appellant, Brandon Nathaniel Arndt, of knowingly possessing less than one gram of methamphetamine, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West Supp. 2021). The jury assessed punishment at two years in the State Jail Division of the Texas Department of Criminal Justice. Appellant raises only one issue on appeal: that the evidence was

insufficient to prove, beyond a reasonable doubt, that Appellant knowingly possessed the methamphetamine that was found on his person. We modify and affirm.

*Background Facts*

In April of 2019, Doc Wigington, the Sheriff of Throckmorton County, was traveling to Throckmorton when he initiated a traffic stop of Appellant, who was driving at a speed ten miles over the posted limit. Dispatch advised that Appellant had an active warrant for his arrest, so Sheriff Wigington arrested him and conducted a search incident to arrest. During that search, Sheriff Wigington found a small, clear, plastic baggie in the watch pocket[1] of Appellant's pants, that contained what appeared to be methamphetamine.

Appellant did not appear surprised, confused, or incredulous at Sheriff Wigington's discovery of the contraband. Throughout the entire encounter, Appellant was calm and cooperative. The dash camera footage from Sheriff Wigington's vehicle, which was admitted into evidence, captured a conversation between Sheriff Wigington and Appellant. Sheriff Wigington audibly remarked that the contents in the baggie were "less than one gram." More than three minutes later, Appellant contended that "it's just an empty baggie . . . [unintelligible]," to which Wigington reiterated, "it's less than one gram."

Christina Coucke-Garza, a senior forensic chemist with the Tarrant County Medical Examiner's Office analyzed the substance in the baggie and testified that it contained 0.76 grams of methamphetamine. The jury convicted Appellant for possession of a controlled substance, less than one gram. On appeal, Appellant's

---

[1]Sheriff Wigington clarified that this refers to the "small pocket above the other [pants] pocket."

sole issue is whether the evidence was sufficient to sustain his conviction for *knowingly* possessing methamphetamine.

## Discussion

*A rational jury could, and presumably did, infer that Appellant knew that the plastic baggie in the pocket of his pants contained methamphetamine.*

A. *Standard of Review*

We review a challenge to the sufficiency of the evidence supporting a criminal conviction, regardless of whether it is framed as a legal or factual sufficiency challenge, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Viewing the evidence in the light most favorable to the verdict requires that we consider all the evidence admitted at trial, including that improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's credibility and weight determinations as the sole judge of witness credibility and the weight that testimony is to be afforded. *Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899. The *Jackson* standard is deferential and accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the facts. *Jackson*, 443 U.S. at 319; *Zuniga*, 551 S.W.3d at 732;

*Clayton*, 235 S.W.3d at 778. We may not reevaluate the weight and credibility of the evidence to substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Therefore, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). By its very nature, *mens rea* must generally be inferred from the circumstances. *Nisbett v. State*, 552 S.W.3d 244, 267 (Tex. Crim. App. 2018) (noting that, "absent a confession, we must infer [an accused's] mental state from his acts, words[,] and conduct"). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). In short, "courts of appeals should . . . determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).

B. *Analysis*

"'Possession' means actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (West 2021). Thus, in cases involving unlawful possession of a controlled substance, the State must prove that the accused exercised care, custody, control, or management of the substance and that the accused *knew*

that the matter possessed was contraband. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); *Ibarra v. State*, 479 S.W.3d 481, 487 (Tex. App.—Eastland 2015, pet. ref'd). Appellant concedes that he exercised actual care, custody, and control of the contraband found on his person. Appellant only complains that the State failed to prove that he *knew* there was methamphetamine in the baggie over which he exercised care, custody, and control. Appellant argues that his comment to Sheriff Wigington that "it's just an empty bag[,]" cuts against any inference that Appellant *knew* the baggie in his possession contained contraband. Appellant further argues that his calmness throughout the traffic stop and after his arrest further undermine the inference that he *knew* there was contraband in the baggie.

"When, as here, the contraband is discovered in clothing being worn by the accused, a question of fact as to whether the accused knowingly possessed such contraband is presented for jury determination." *Frazier v. State*, 480 S.W.2d 375, 381 (Tex. Crim. App. 1972) (citing *Stuart v. State*, 456 S.W.2d 129 (Tex. Crim. App. 1970); *Tomlin v. State*, 338 S.W.2d 735 (Tex. Crim. App. 1960); *Sosa v. State*, 275 S.W.2d 655 (Tex. Crim. App. 1955)). It is conceivable that Appellant chose to put the baggie in his pocket but had no knowledge that the baggie contained contraband. However, "[w]hen contraband is found on an accused's person . . . the jury might also infer the accused knowingly possessed the contraband found there." *Brown v. State*, No. 08-19-00073-CR, 2020 WL 4814207, at *2 (Tex. App.—El Paso Aug. 19, 2020, no pet.) (not designated for publication) (quoting *Solis v. State*, No. 08-18-00101-CR, 2019 WL 3940961, at *4 (Tex. App.—El Paso Aug. 21, 2019, no pet.) (not designated for publication)). Moreover, while the State has the burden to prove every element beyond a reasonable doubt, this burden "does not require [the State] to disprove every conceivable alternative to a defendant's guilt." *Greenwood v.*

*State*, No. 11-16-00082-CR, 2018 WL 1187988, at *3 (Tex. App.—Eastland Feb. 28, 2018, no pet.) (mem. op., not designated for publication) (alteration in original) (quoting *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016)).

"The fact that the methamphetamine was visible to the naked eye support[s] the conclusion that [Appellant] knew the substance was contraband." *Morris v. State*, No. 02-19-00167-CR, 2021 WL 386948, at *5 (Tex. App.—Fort Worth Feb. 4, 2021, no pet.) (mem. op., not designated for publication) (citing *King v. State*, 895 S.W.2d 701, 704 (Tex. Crim. App. 1995)). Indeed, "numerous cases have held that the visibility of the contraband—[] even if just a small amount is visible—is relevant to establishing that possession of that small amount was knowing." *Yates v. State*, No. 02-14-00516-CR, 2015 WL 4154168, at *3 (Tex. App.—Fort Worth July 9, 2015, no pet.) (mem. op., not designated for publication); *see Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995); *King*, 895 S.W.2d at 704. We have held that when officers find contraband on an accused's person, and it is readily visible to the naked eye, this supports the inference that the accused *knowingly* possessed the contraband. *Banks v. State*, No. 11-17-00281-CR, 2019 WL 3727550, at *2 (Tex. App.—Eastland Aug. 8, 2019, no pet.) (mem. op., not designated for publication).

In this case, when Sheriff Wigington discovered the bag in Appellant's pocket, he immediately recognized that it contained what appeared to be methamphetamine. Furthermore, the jury could have rationally inferred that Appellant knew the substance found in his pocket was methamphetamine. *See McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985) (knowledge, being subjective, must always be inferred to some extent in the absence of accused's admission). The evidence presented at trial established that the methamphetamine

was visible to the naked eye and had a measured weight of 0.76 grams. If the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict. As long as the resolution chosen was reasonable, we defer to that determination. *Jackson*, 443 U.S. at 326; *Merritt*, 368 S.W.3d at 525–26; *Clayton*, 235 S.W.3d at 778. The inference that Appellant knowingly possessed the contents of the baggie, over which he concedes that he exercised care, custody, and control, was a reasonable one that the jury was entitled to make. Even if we believed the better inference would be that Appellant did not realize the bag in his pocket contained methamphetamine, which we do not, we are not permitted to reevaluate the weight and credibility of the evidence and substitute our judgment for that of the jury. *See Dewberry*, 4 S.W.3d at 740.

The methamphetamine was found in the clothes that Appellant was wearing, and it was readily visible to the naked eye of Sheriff Wigington when he discovered it on Appellant's person. Viewing all the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant *knowingly* possessed the methamphetamine found in his pocket. Therefore, we overrule Appellant's sole issue on appeal.

*This Court's Ruling*

While we overrule Appellant's sole issue on appeal, we note that the trial court's judgment contains a clerical error—Appellant's name is misspelled. This court has the authority to modify a judgment to correct a clerical error when the evidence necessary to correct the judgment appears in the record. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). Appellant's surname is incorrectly spelled "Arnt" in the judgment. The record, however, shows that the correct spelling of Appellant's surname is "Arndt".

Accordingly, we modify the judgment of the trial court to show Appellant's name to be BRANDON NATHANIEL ARNDT. As modified, we affirm the trial court's judgment.

W. BRUCE WILLIAMS
JUSTICE

December 16, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.